ROBERT G. HOLGATE AND HELEN J. HOLGATE, HIS WIFE; J. T. VICKERY AND HELEN E. VICKERY, HIS WIFE, AND C. E. CHENEVERT, A SINGLE MAN, *Appellants*, v. F. A. P. JONES, *Appellee.*

Division B.

Opinion Filed July 13, 1927.

Petition for Rehearing Denied October 3, 1927.

*John M. Murrell*, for the Appellants;

*R. F. Burdine* and *Edward E. Fleming*, for the Appellee.

PER CURIAM.—On April 7, 1926, the appellee brought a bill of complaint against appellants for the foreclosure of a purchase money mortgage on real estate. It is alleged that Holgate and wife and Vickery and wife executed the mortgage to secure the payment of stated notes and reasonable attorneys fees for collection and that default had been made in payments which matured the mortgage; that counsel had been employed to foreclose the mortgage; that subsequent to the mortgage the mortgagors conveyed an undivided one-half interest in the property to C. E.

Chenevert subject to the mortgage. Due enforcement of the mortgage lien is prayed. Material portions of the answer of Holgate were stricken with leave to amend. The amended answer of Holgate contains the following: Defendant denies ''that he became justly indebted to F. A. P. Jones, the Complainant, in the sum of Niney-seven Thousand Five Hundred ($97,500.00) Dollars, because of the fraud and deceit practiced on this defendant by the complainant, in that the complainant did falsely and fraudulently represent to this defendant certain present and past facts which were peculiarly within the knowledge of this complainant and could not have been ascertained by this defendant by investigation, to-wit, that the Florida East Coast Railway Company had definitely decided to erect its new terminal station between 29th and 36th street, facing along North Miami Avenue, and that this information from said Railway Company had been given to complainant through his agent, Frank J. Powers, by one of the employees of said Railway Company who had said information, and as to the truth of this information this defendant could not be advised, but solely relying on the statements of the complainant as being the truth and believing same, he executed said notes and mortgage as alleged in the bill of complaint and paid to the complainant, the sum of Thirty-two Thousand, Five Hundred ($32,500.00) Dollars, and as alleged in Paragraph 3 of the bill, the execution of the deed to the premises described in the bill of complaint by the complainant and the execution of the notes and mortgage by the defendants, Robert G. Holgate joined by his wife, Helen J. Holgate, and John T. Vickery joined by his wife, Helen E. Vickery, were one and the same transaction, and that said mortgage is a purchase money mortgage and not in the hands of an innocent person for value and is an executory con-

tract; and the said statements being false and untrue, and known to be false and untrue at the time they were made by the complainant and his agent, Frank J. Powers, has defrauded this defendant and deceived him in that said property is not worth the said sum of money so agreed to be paid by him to the complainant, but had said representations been true and the said Railway Company had erected its new station, the property would have been worth the value agreed to be paid by this defendant to complainant, but since said statements were false and untrue, this property is only worth the sum of approximately Fifty Thousand ($50,000.00) Dollars, and complainant should be estopped from the further prosecution of this suit. The answer of Vickery contains similar averments. Chenevert answered ''That he neither admits nor denies the allegations contained in the bill of complaint, for the reason he is without knowledge of all the matters and things alleged therein, but demands strict proof thereof.

And this defendant further answering, denies that the complainant is entitled to the relief, or any part thereof in said bill demanded, and prays the same advantage of this answer if he had pleaded or demurred to said bill, and prays to be dismissed with his reasonable costs and charges in this behalf most wrongfully sustained.'' A decree *pro confesso* was entered against Helen J. Holgate and Helen E. Vickery for failure to plead answer or demur.

Motions were made to strike portions of the answers of Holgate and Vickery and also the answer of Chenevert. The court made the following order: ''THIS CAUSE coming on this day to be heard upon the motion of the Complainant to strike the second paragraph of the Amended Answer of the defendant, Robert G. Holgate, and the first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth paragraph of said answer of said defendant con-

taining affirmative relief, and the first, second and third prayers thereof, and each of the same severally, and to enter a decree *pro confesso* against the said defendant, and also coming on to be heard upon the Motion of the complainant to strike the second paragraph of the answer of the defendant, J. T. Vickery, and the first, second, third, fourth, fifth, sixth, seventh, and eighth paragraphs of said answer containing affirmative relief, and the first, second and third prayers of the said answer and also for the entry of a decree *pro confesso* against the said defendant, and the said cause also coming on to be heard upon the Motion of the Complainant to strike the answer of the defendant, C. E. Chenevert, and to enter a decree *pro confesso* against the said defendant, and the same having been argued by counsel for the respective parties, and the Court being fully advised in the premises and being of the opinion that said Answers do not constitute a defense to the foreclosure of the mortgage herein involved, it is, therefore, upon consideration

ORDERED, ADJUDGED AND DECREED that the Motion of the Complainant to strike the second paragraph of the Amended Answer of the defendant, Robert G. Holgate, and the first, second, third, fourth, fifth, sixth, seventh, eighth and ninth paragraphs of said Answer of said defendant containing affirmative relief, and the first, second, and third prayers thereof, be and the same is hereby granted and the said paragraphs of the said Answer be and the same are hereby stricken and it is further

ORDERED, ADJUDGED AND DECREED that the Motion of the Complainant to strike the second paragraph of the Answer of the Defendant, J. T. Vickery, and the first, second, third, fourth, fifth, sixth, seventh and eighth paragraphs of said Answer of said defendant containing affirmative relief, and the first second and third prayers

thereof be and the same is hereby granted and the said paragraphs of the said Answer be and the same are hereby striken, and

IT FURTHER APPEARING to the Court that after said paragraphs have been stricken that the rest of said answers admit the allegations of the Bill of Complaint filed herein, and that decree *pro confesso* should be entered against the said Deféndants, it is, therefore,

ORDERED, ADJUDGED AND DECREED that a decree *pro confesso* be and the same is hereby entered against the defendants, Robert G. Holgate, J. T. Vickery and C. E. Chenevert, each and severally and the said Bill of Complaint be and the same is hereby taken as confessed by the said defendants, and each and every of them, and said cause is hereby directed to proceed *ex parte* insofar as said defendants are concerned.

DONE, ORDERED AND DECREED in Chambers at Miami, Florida, this 21st day of January, A. D. 1927.''

Later the Court decreed in favor of the complainant against all of the defendants and the latter appealed from the final decree assigning as error the rulings on the motions to strike; in granting decrees *pro confesso* against the masculine defendants; in allowing attorneys fees without notice to defendants; and in rendering final decree.

The matter quoted above that was striken definitely averred the existence of facts, not opinions, viz: that the Florida East Coast Railway Company had definitely decided to erect its new passenger terminal station between 29th and 36th Streets; that such information was peculiarly within the knowledge of complainant and could not have been ascertained by the defendant by investigation; that as to the truth of this information the defendant could not be advised, but solely relying on the statements

of the complainant as being the truth and believing same defendant executed the note and mortgage.

These and other averments of facts are admitted by the motion to strike; and if shown to be true would affect the equities of the case. The motion to strike the answer of Chenevert does not appear to have been specifically granted, though a decree *pro confesso* was rendered against him by the Court.

Reversed.

WHITFIELD, P.J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.