IDA L. BROWARD, a widow, *Appellant*, vs. JOSEPH F. BELL, GEORGE PIKE, C. L. GRIFFIN, A. H. FINK, and WILLIAM RITCHIE, WILLIAM J. HARPER, SR., and MRS. WILLIAM J. HARPER, SR., his wife, *Appellees*.

136 So. 640.

En Banc.

Opinion filed September 19, 1931.

*James M. Carson & S. Grover Morrow,* for Appellant; *Fred J. Cohn,* for Appellees.

WHITFIELD, J.—Proceedings to foreclose a purchase money mortgage upon real estate in Dade County, Florida,

were brought by Joseph F. Bell against Ida L. Broward, a widow, and William J. Harper, Sr., and his wife, it being alleged that Ida L. Broward was the mortgagor, and that William J. Harper, Sr., and wife claim an interest in the property through a second mortgage. The mortgage here foreclosed made a part of the bill of complaint was executed by Ida L. Broward to Joseph F. Bell, Trustee. The bill of complaint wes demurred to by Ida L. Broward on the ground of variance between the allegations that the mortgage was given to Joseph F. Bell and the attached copy of the mortgage shows it was given to Joseph F. Bell, Trustee. The demurrer was overruled.

Ida L. Broward filed a plea

"That it is not true that the complainant Joseph F. Bell is the owner in his individual capacity of the mortgage set out in the bill of complaint, but the defendant alleges that the said mortgage is held by the said Joseph F. Bell, as trustee, for divers other persons with whom defendant dealt in the transfer and sale of the property described in and by the bill of complaint herein, and that your defendant is not informed as to the full and exact interest of each of the cestui que trust in and to the said mortgage, but that your defendant alleges that L. N. Conrad, A. J. Conkle and L. T. Cooper, each of them own a beneficial interest in and to the said mortgage, and that as against the said cestui que trust, and each of them, your defendant has a good defense to the said mortgage on the ground of fraud and misrepresentation and that the laws of Florida shall provide that the suit shall be maintained in the name of the real party in interest in said cause, and that complainant not being the beneficial owner of said mortgage, this defendant is entitled to have the cestui que trust thereof made parties to this cause."

This plea was overruled. An amended answer and cross bill filed by Ida L. Broward

"denies that she was indebted to complainant, Joseph F. Bell, and denies that she made and delivered to the

said Joseph F. Bell, individually, four promissory notes but admits that she executed four promissory notes for the amounts as set forth in said Bill of Complaint to Joseph F. Bell, Trustee, and states that Joseph F. Bell, was not the individual owner nor was he acting in his individual capacity in accepting said mortgage, but on the other hand, was trustee for himself and six other persons whose names are A. H. Fink, William J. Harper, Sr., C. L. Griffin, George Pike, William Riche and L. J. Strickland;" * * * "admits that the defendant, William J. Harper, Sr., claims some interest in the property by reason of the second mortgage but denies that said mortgage is a good and valid lien or claim upon the property, for the reason that said mortgage is a part of the original transaction passing between the complainant as trustee for others and the respondent herein, and that the execution of said second mortgage and all matters pertaining thereto have their existence upon the same state of facts as pertain to the mortgage herein sought to be foreclosed, and that said mortgage is not a just and proper claim upon the premises, therefore, this respondent denies every material allegation pertaining to said mortgage as set forth in said paragraph except as to its mere execution and existence;" * * * "denies that she became justly indebted to Joseph F. Bell, the complainant in the sum of Twenty-nine Thousand ($29,000.00) Dollars because of the fraud and deceit practiced on this respondent by the complainant, in that the complainant did falsely and fraudulently represent unto this respondent certain then existing, past and present facts which were purely within the knowledge of complainant and were without the knowledge of this respondent, and could not have been ascertained by this respondent by investigation, which facts were as follows: That within a block of this particular lot L. T. Cooper was to begin immediately the erection of the $150,000.00 Cooper Hotel, and that it had all been financed and was to be completed and ready for occupancy by January 1926; that the new permanent postoffice was to be located in the next block on the same side of the street, and that said postoffice property had been acquired by the Postoffice Department

through L. T. Cooper and deeded to said department as its permanent site; that the new county causeway had already been financed and all arrangements made for the immediate beginning of its erection, which said causeway was to extend from the west side of Biscayne Bay to the east side of Biscayne Bay thereof, and was to have its west approach near the property in question; that the lot immediately adjacent and adjoining the property in question had just sold for $75,000.00; that the above statements were made and the information given to this respondent through the agent of the complainants, A. J. Conkle, Jr., and that said information was concurred in by the complainant, Joseph F. Bell and his associates, A. H. Fink, William J. Harper, Sr., C. L. Griffin, George Pike, William Riche and L. J. Strickland; that said complainant further represented unto this respondent that the property in question had been bought by them for Forty Thousand ($40,000.00) Dollars, whereas this respondent states the true facts to be that the property was purchased for forty-six hundred ($4600.00) dollars within a period of approximately one year prior to the 7th day of July, 1925, the date when a deposit receipt was given by the said Joseph F. Bell, Secretary, to the said respondent, Ida. L. Broward.

That this respondent Ida L. Broward was not a resident of Miami, Dade County, Florida, but resided in Jacksonville, Florida; that she was entirely unfamiliar with the properties in this vicinity, and was shown the property in question by the said A. J. Conkle, Jr., who made the above statements and representations to her; that this respondent solely and entirely relying upon each and every of the above and foregoing statements as made to her by the complainant and his agents, and which were concurred in by the complainant and his agents, to be true, as they were given to her as true statements, and believing the same to be true, was induced to make the payment and execute the mortgage by reason of said statements and fraudulent representations so made to her; that at the time of execution of said mortgage and notes as alleged in the Bill of Complaint she paid to the complainant the sum of Fifteen Thousand ($15,000.00) Dollars; that at the time

of the execution of said notes and mortgage she received a deed to the property, that the execution of the deed to the premises and execution of the mortgage and notes were one and the same transaction, and that said mortgage is a purchase money mortgage and is not in the hands of an innocent purchaser for value, and is an executory contract. That each and every of said statements so made by the complainant in person and through his agents and as specifically set forth in this paragraph were false and untrue and were known to be false and untrue at the time they were made by the complainant and his agents, A. J. Conkle, Jr., A. H. Fink, William J. Harper, Sr., C. L. Griffin, George Pike, William Riche and L. J. Strickland; and has defrauded this respondent and deceived her in that said property is not worth the sum of money so agreed to be paid by her to the complainant, which was Forty-six Thousand ($46,000.00) Dollars, but had the statements and representations so made by the complainant and his agents to this respondent been true, and the facts as stated to the respondent immediately materialized, the property would have been worth the value agreed to be paid by this respondent to the complainant, but since said statements and representations were false and untrue, said property has practically no value at this time, and that complainant should be estopped from the further prosecution of this suit.

By way of further answering said Bill of Complaint, respondent denies that said mortgage is owned by Joseph F. Bell, but suggests that there are others who are interested in said mortgage who were parties to the original transaction and that said bill is defective for want of proper parties.

Respondent denies each and every allegation contained in said Bill of Complaint which has not been definitely and specifically answered in the preceding paragraphs hereof.''

There are allegations by way of cross bill upon which it is prayed

''That Joseph F. Bell, individually and as trustee, A. H. Fink, William J. Harper, Sr., and Mrs. William

J. Harper, Sr., and C. L. Griffin, George Pike, William Riche, and L. J. Strickland, be made parties defendant to this Amended Cross-Bill; that the notes and mortgage be cancelled and that the amounts paid by Ida L. Broward be recovered by her, etc. The suit was abandoned as to L. J. Strickland.

Joseph F. Bell answered the cross bill incorporating therein a demurrer. George Pike, C. L. Griffin, A. H. Fink and William Riche did likewise. A replication to the answer to the cross bill was filed by Ida L. Broward.

Testimony was taken before a master who made findings of fact and of law. Exceptions to the master's report were overruled. The court dismissed the cross bill and decreed a foreclosure of the mortgage against Ida L. Broward who appealed from the final decree and assigned as errors the orders overruling the demurrer to the bill of complaint, overruling the plea, overruling the exceptions to the master's report, and the rendering of the final decree denying affirmative relief to Ida L. Broward.

Even if the making of other parties defendant in the cross bill may be regarded as rendering harmless any error that may have been committed in overruling the demurrer to the bill of complaint and in overruling the plea, the evidence shows imposition upon the mortgagor in the land transaction. Holgate v. Jones, 94 Fla. 198, 113 So. 714.

An appropriate decree in favor of the appellant should have been rendered.

Reversed.

BUFORD, C.J., AND ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.