Henry F. Jones and his wife, Annie D. Jones, *Appellants*,
vs. J. C. Watkins, *Appellee.*
140 So. 920.
Division A.
Opinion filed April 18, 1932.

*Fee & Liddon,* for Appellants;
*Sumner & Sumner,* for Appellee.

Buford, C.J.—This was a suit to foreclose a mortgage made, executed and delivered to secure the balance of the purchase price of the property described in the mortgage.

There was a second amended answer alleging that the execution of the notes and mortgage was procured by fraud and misrepresentations of fact by plaintiff's agent. The answer embraced a counterclaim on account of moneys paid to the plaintiff as a result of the fraud, prayed for an accounting and a decree requiring the return of the money paid, for a lien on the property to enforce such decree and for rescission and cancellation of the mortgage.

There was a demurrer to the third paragraph of the second amended answer which paragraph alleged the fraudulent misrepresentations and that the defendant acted on the truth and good faith of such representations. There was also demurrer to the part of the answer setting up counter claim. Demurrer to the third paragraph

of the amended answer was overruled. The demurrer to that part of the answer setting up counterclaim was sustained. The latter ruling was error. Hendricks vs. Stark, 99 Fla. 277, 126 Sou. 293. Subsequent developments, however, rendered that error harmless. Under the allegations and proof the defendant would have been entitled to all the relief prayed on authority of Hendricks vs. Stark, supra; Holgate vs. Jones, 94 Fla. 198, 113 Sou. 714; and Sun City Holding Co. vs. Schoenfeld, 97 Fla. 777, 122 Sou. 252, had he acted promptly and before ratification of the contract by subsequent acts.

The record shows that the notes and mortgage were executed March 26th, 1925, and that the defendant after a reasonable time had elapsed to put him on notice that the alleged misrepresentations if made were false and untrue, ratified the notes and mortgage by making payments thereon on September 26th, 1926, on October 7th, 1928, on November 10th, 1928, and on November 29th, 1928.

It appears, therefore, that the decree must be affirmed on authority of the opinion and judgment in the case of Hendricks vs. Stark, supra, wherein this Court held:

"Where a party, with knowledge of facts entitling him to rescission of a contract or conveyance, afterward, without fraud or duress, ratifies the same, he has no claim to the relief of cancellation. An express ratification is not required in order thus to defeat his remedy; any acts of recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it, have the effect of an election to affirm.

The payment of purchase money, receipt of benefits, and acts of dominion or continued use and possession, after knowledge of grounds of cancellation and rescission, amount to such a ratification as would preclude the purchaser from obtaining such cancellation and rescission.

Where one has an election to ratify or disaffirm a

conveyance, he can either claim under or against it, but he cannot do both, and having adopted one course with knowledge of facts, he cannot afterwards pursue the other.

In order to work an estoppel, 'silence' must be under such circumstances that there are both a specific opportunity and a real apparent duty, to speak; for if he is silent when he ought to speak, equity will debar him from speaking when conscience requires him to keep silent.''

It is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.