H. C. STORRS, *et ux.*, v. R. W. STORRS and M. H. PRESCOTT, Sheriff.

190 So. 512
Division A
Opinion Filed July 14, 1939

*W. W. Flournoy,* for Petitioner;

*Watson & Pasco & Brown,* for Respondents.

BUFORD, J.—This Court's writ of certiorari issued herein on the 6th day of July, 1936.

The order or judgment of the Circuit Court sought to be reviewed is as follows:

"This cause coming on to be heard upon motion and

amendment thereto, for a stay of proceeding on and to vacate the sheriff's sale, on the execution in the above entitled case, and for writ of restitution of the property and the possession thereof, sold by the sheriff under said execution May 4th, 1936, together with the special return by the sheriff to said motion as directed to him regarding alleged claim proceedings by Evelyn Storrs, claimant, and the replication thereto and purported claim affidavit and bond together with affidavit of special damages and the Court having considered said motion after hearing arguments of counsel and considering briefs filed and being advised of its opinion:

"It is therefore considered by the Court that the defendant's motion to stay proceedings on the execution issued from this Court in favor of the plaintiff and against the defendant, be and the same is hereby denied.

"It is further considered by the Court that so much of the defendant's motion as seeks to have the sheriff's sale under said execution made on May 4th, 1936, vacated, be and the same is hereby granted and the said sheriff's sale is hereby vacated with direction to the sheriff, that the property levied upon under said execution be legally advertised for sale at the place where the property was taken or levied on as provided in Section 2837, Revised General Statutes of Florida and that unless otherwise directed by this or some other competent Court, the sale of said property be made at the place where the property was when taken possession of by said sheriff, as provided by law.

"It is further considered by the Court that the motion of the defendant for restitution of the property sold at the invalid sheriff's sale be and the same is hereby denied, and that the custody and possession of said property be and remain in the sheriff of Walton County, Florida, or his authorized deputies or agents until the legal sale thereof,

unless otherwise ordered by the court, or unless other legal proceedings be had ousting him of such possession in his official capacity;

"It is further considered by the Court that nothing herein contained shall prejudice the right of the defendant to legally claim his homestead exemption to such of the property levied on; upon affidavit alleging that the items of property claimed as exempt are under the Constitution exempt from the obligation represented by the execution, that is that the judgment and exemption under which the property is levied and seized is not for the purpose of the items so claimed as exempt, and it is further considered by the Court that the plaintiff's right to contest and claim of homestead exemption by the defendant to any of the property seized and levied upon, as provided by law, shall not be prejudiced by this order.

"It is further considered by the Court that right of Evelyn Storrs shall not be prejudiced by the order from perfecting her claim to certain of the property levied upon, by filing a bond in double the value of such property claimed as the same shall be fixed by the sheriff of Walton County, Florida, or to pursue such other remedy as to which she may be advised. Exceptions of the plaintiff and of the defendant and of the claimant are noted to so much of this order as is adverse to each of them respectively.

"Done and ordered at DeFuniak Springs, Florida, this the 21st day of May, 1936.

"A. G. Campbell, Judge."

The record shows that a judgment was recovered in Circuit Court of Walton County, by W. R. Storrs v. H. C. Storrs; that execution was levied on certain property and that the property was advertised for sale.

On the day the said property was advertised Evelyn Storrs, wife of H. C. Storrs, filed claim affidavit as follows:

"STATE OF FLORIDA
"COUNTY OF WALTON.

"Before the undersigned officer, duly qualified and acting, personally appeared Evelyn Storrs who upon oath says that she is the owner of said No. 14 Mergenthaler Linotype machine, including 1 extra magazine belonging thereto, made by the Mergenthaler Linotype Company of Brooklyn, N. Y., which Linotype machine and the extra magazine belonging thereto is now located in the office of the Breeze on 8th Street in DeFuniak Springs, Walton County, Florida; that affiant is informed that levy upon said property has been made by the Sheriff of Walton County, Florida, under execution issued in the above entitled cause wherein R. W. Storrs is plaintiff and H. C. Storrs is defendant and that said property under said levy has been advertised for sale by the said sheriff; that affiant makes this affidavit as the owner of said property and claims that the same is not subject to said levy under the execution and demands that said sheriff forthwith release said property from said levy, to the end that said claimant and owner of said property shall have the benefit of Section 4517 of the Compiled General Laws of Florida and of other sections of said laws in such cases made and provided.

"Evelyn Storrs,

"Sworn and subscribed to before me, this the 4th day of May, A. D. 1936.      "Chas. A. McLeod
"Notary Public State of Florida
"My Commission expires on 30th day of Aug. 1936."

Claim affidavit was presented to the sheriff at 1:29 P. M. Monday, May 4th, 1936.

The record shows that the affidavit, while being signed

by a Notary Public, was in fact not made before the Notary Public and it also shows that on May 29th, 1936, Evelyn Storrs swore to the contents of the affidavit before the Honorable A. G. Campbell, Circuit Judge. The affidavit is as follows:

"State of Florida

"County of Walton

"Before the undersigned, Circuit Judge, personally appeared Evelyn Storrs, at 11:20 o'clock A. M., May 29th, 1936, and upon oath says that the above and foregoing affidavit and the facts therein stated are true, and that she signed the same personally on May 4th, 1936.

"This the 29th day of May, A. D. 1936.

"EVELYN STORRS.

"A. G. CAMPBELL

"A. G. Campbell, Circuit Judge."

With the affidavit Mrs. Storrs presented bond for $1,000.00 but the record shows that the sheriff, while he received the bond, did not approve the same because, in his opinion, the bond was not in the penal sum of twice the value of the property claimed by Mrs. Storrs and, having reached this conclusion, he proceeded with the sale.

On the 4th day of May, 1936, notice of claim of homestead was filed by H. C. Storrs and delivered to the sheriff. That notice was as follows:

"NOTICE OF CLAIM OF HOMESTEAD AND EXEMPTION BY H. C. STORRS, DEFUNIAK SPRINGS, FLORIDA.

"To M. H. Prescott, Sheriff, Walton County, Florida:

"As Sheriff of Walton County, Florida, you have levied upon certain of my personal property as is described in your Notice of Sheriff's Sale, a copy of which is attached hereto marked Exhibit 1 and made part hereof under execution of Circuit Court of Walton County, Florida, wherein R. W.

Storrs was plaintiff and H. C. Storrs was defendant; a full, true and correct itemized inventory of all my personal property is attached hereto marked Exhibit 2 and made part hereof; that said inventory is a true and correct list of all of the personal property owned by me, the undersigned affiant; that the reasonable market value of said property does not exceed the sum of $878.00 as is estimated in itemized form by said Exhibit 2 and does not exceed the amount allowed to the affiant as his homestead exemption under Article X of the Constitution of Florida and under the statutes of Florida pursuant thereto; that the affiant is a citizen and resident of DeFuniak Springs, Walton County, Florida, and has been such for the last past 10 years and longer; that the affiant is the head of his family consisting of his wife and children residing in and residents of DeFuniak Springs, Walton County, Florida; that all of said property is exempt to him from any levy and from any sale by force under any execution or otherwise, and this affiant so claims and declares the same to be so exempt to him and demands that you, your successors and deputies release said property and every part thereof from any levy which you have made and that no other levies be made thereupon or any part thereof and that no sale thereof under said execution be made by you, that this affiant further submits to the end that the demands herein shall be by you promptly observed and complied with and that the affiant will aid you in connection with the requirements of Article X of the Constitution of Florida and of the statutes of Florida of such cases made and provided.

"Affiant further demands that you serve copy of this inventory and affidavit of claim of homestead exemption to the affiant on R. W. Storrs, the plaintiff in said suit and in behalf of whom said execution has been issued, so that the provisions of the Constitution and statutes of Florida of

such cases made and provided shall be observed and complied ˌwith.

"This, the 2nd day of May, A. D. 1936.

"H. C. STORRS
"H. C. Storrs.

"STATE OF FLORIDA
"COUNTY OF WALTON.

"Before the undersigned officer, duly qualified and acting, personally appeared H. ·C. Storrs who upon oath says that the facts set forth in the above affidavit of homestead exemption are true.

"H. C. STORRS
"H. C. Storrs.

"Sworn to and subscribed to before me this 4th day of May, A. D. 1936.

"M. T. FOUNTAIN, Clerk Circuit Court, Walton County, Fla.

"(SEAL) Filed This ........ o'clock ........ day of May, A. D. 1936.

"M. H. PRESCOTT, Sheriff, Walton County, Florida."

The sheriff's return on that notice is as follows:

"SHERIFF'S RETURN.

"Received this notice of homestead exemption from H. C. Storrs at 1:00 o'clock P. M. Monday, May 4, 1936, with true copy thereof, and said copy thereof was delivered to L. H. Brannon, then acting as attorney for the plaintiff R. W. Storrs at 1:30 P. M. Monday, May 4, 1936, which was prior to the sale under the execution in the case of R. W. Storrs v. H. C. Storrs. This the 14th day of May, 1936.

"M. H. PRESCOTT
"M. H. Prescott, Sheriff
Walton County, Florida."

The sheriff did not set aside the property claimed as exempted but proceeded to sell the same.

Thereafter, H. C. Storrs filed motion to stay proceedings on and to vacate the sheriff's sale and execution and for restitution of property and possession. That motion was filed by H. C. Storrs individually and as husband, agent and trustee of his wife, Evelyn Storrs, and prayed as follows:

"WHEREFORE, said defendant H. C. Storrs, individually as said defendant, and also as the husband, agent and trustee of his said wife, Evelyn Storrs, moves this Court to stay the proceedings on said execution issued in said court February 29th, 1936, and to stay all proceedings thereof and to vacate the said sheriff's sale on said execution and declare the same illegal, null and void, and also moves the court for writ of restitution of the property and possession thereof so unwarrantable and illegally taken by the said sheriff of this court from said defendant and said claimant and delivered to the said plaintiff, and that for the reasons in this motion stated that said writ of restitution of said property and the possession thereof as is fully described in said notice of sheriff's sale be immediately required of said plaintiff and that the sheriff of this court be authorized to immediately serve and execute the commands of such writ of restitution, to the end that the fair and just administration of justice as assured by our Constitution and laws shall be had and accomplished without denial and without delay. This the 8th day of May, A. D. 1936."

Later the motion was amended.

To the motion the sheriff of Walton County filed his return as follows:

"Comes now M. H. Prescott, Sheriff of Walton County, State of Florida, and for return to the motion of defendant in the above cause for a stay of the proceedings on and to

vacate sheriff's sale on execution and for restitution of property and possession, and says:

"1. That on Monday, May 4th, 1936, pursuant to notice given for four consecutive weeks in the DeFuniak Herald, a weekly newspaper published in Walton County, State of Florida, he sold at public auction certain machinery and personal property upon which he had on April 1st, 1936, levied an execution, which execution was issued by the Clerk of the Circuit Court of Walton County, State of Florida, to him in the case of R. W. Storrs, plaintiff, against H. C. Storrs, defendant; that on said day of sale pursuant to said notice and prior to the making of sale, H. C. Storrs, the defendant in said cause, placed in his hands an affidavit purporting to be a third party claim, duly signed by Evelyn Storrs, to one Linotype machine and one magazine belonging thereto, which was a part of the property levied upon as aforesaid; that there was also delivered to him by said H. C. Storrs, a bond payable to plaintiff in the sum of $1,000.00 signed by G. G. Blake and W. I. Stinson as sureties, with the statement at the time from said H. C. Storrs that Mr. Flournoy, his attorney, said that that would be the amount of the bond; that he was never asked to set or appraise the value of the property claimed by said third party, and that he did not at any time set the value thereof, neither did he state at any time that the bond would be sufficient and in double the amount of the value of the property, neither did he approve the bond, because it was not, in his opinion, in double the amount of the value of the property, and he gives that as his reason for not releasing the property aforesaid.

"Respectfully submitted this the 14th day of May, A. D. 1936."

The return was verified under oath.

Testimony was taken before the court and pursuant thereto

the order, *supra,* sought to be quashed in these proceedings was entered.

A contention made in the court below and made here appears to have been that the claimant Evelyn Storrs did not comply with the provisions of Section 2830 R. G. S., 4517 C. G. L., in that the bond tendered was insufficient in amount to meet the terms of the statute.

It is further contended that the sheriff was justified in disregarding the homestead claim interposed by the defendant H. C. Storrs.

Respondents also contend that the claim for homestead exemption is insufficient because it fails to negative that the judgment on which execution issued was for the purchase price of the property sought to be exempted.

The order or judgment attacked in this proceeding vacated the sale and reserved to the claimant the opportunity to prosecute or perfect her claim proceedings and it also reserved to the defendant judgment debtor the opportunity to prosecute or protect his claim of homestead exemption. Therefore, it appears that if the court erred the error involved a matter of procedure.

It also appears that if the order or judgment may be considered a final judgment, it was one reviewable here on writ of error and was not such as to be reviewable on certiorari. See Morris v. State, 110 Fla. 95, 148 So. 182; Jacksonville Beach v. Waybright, 130 Fla. 525, 178 So. 401, and cases there cited.

For the reasons stated, the writ of certiorari is quashed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices BROWN and WHITFIELD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.