PIERCE, Chief Judge.
This is an interlocutory appeal from an order entered by the Hillsborough County Circuit Court denying a motion to set aside a previous final judgment of foreclosure entered in a suit originally filed by Peninsular Lumber Supply Co., as plaintiff, against lone A. Edelstein and her former husband Isadore C. Edelstein.
On September 25, 1967, Peninsular, being then the owner and holder of a valid mortgage on property of the Edelsteins and which mortgage was in default, filed suit against the Edelsteins to foreclose the mortgage. In due course, on January 12, 1968, the Court entered final decree of foreclosure, and on February 13, 1968 the Court clerk issued certificate of title to Peninsular. On March 3, 1969, Mrs. Edel-stein filed motion to set aside the final judgment of foreclosure. Peninsular and Edelstein filed motions to strike her motion. The Court thereupon took adversary testimony concerning the matters and issues raised by her motion to set aside the foreclosure judgment, after which the Court entered comprehensive order denying her said motion, including therein a full review of the facts and issues between the parties. Judge Spoto’s order, which was entered on December 12, 1969, is fair and explicit, and we include herein the pertinent parts thereof, which we approve, as follows:
“This cause came on to be heard on the motion to set aside the final judgment of foreclosure entered in this cause on January 12, 1968, which motion was filed on March 3, 1969 by the defendant, lone A. Riley, formerly lone A. Edelstein. The defendant, Isadore C. Edelstein, and the plaintiff, Peninsular Lumber Supply Company, both filed motions to strike the defendant’s, lone A. Riley, formerly lone A. Edelstein, motion to set aside the final judgment of foreclosure. Testimony was taken thereon and after considering the briefs submitted by all counsel and being duly advised in the premises the Court finds the facts to be as follows. The defendants, lone A. Riley, formerly lone A. Edelstein, and Isadore C. Edelstein, were involved in a divorce suit. The plaintiff, Peninsular Lumber Supply Company, held a valid mortgage on the property involved herein. On September 25, 1967, the plaintiff filed a mortgage foreclosure complaint against both defendants, Isadore C. Edelstein and lone A. Edelstein. On October 2, 1967, the parties entered into a *723 stipulation in the divorce suit settling various property rights and in compliance with the provisions of said stipulation, the defendant, Isadore C. Edelstein, on the same day, executed a quit claim deed on the property herein involved to the defendant, lone A. Edelstein. Both defendants knew that the plaintiff held a mortgage on said property. On October 3, 1967 the defendant, Isadore C. Edelstein, was served with a summons in the forelosure suit at his place of business and at the same time and place the summons was served on his wife, the defendant, lone A. Edelstein, by service on her husband, Isadore C. Edelstein. The Sheriffs return was regular on its face. The final judgment of divorce between the defendants, Isador C. Edelstein and lone A. Edelstein, was entered on October 18, 1967.
The defendant, Isadore C. Edelstein, did not give to the defendant, lone Edelstein, her copy of the return. Meanwhile, about the time of the service of the summons, or shortly thereafter, the defendant, lone A. Edelstein, had been to see the plaintiff’s attorney in regards to paying off the mortgage indebtedness on the property. The defendant, lone A. Edelstein, was informed and knew about the foreclosure suit; in fact, it was held up for over two months to give her an opportunity to pay the same. This she never did and on January 12, 1968 this Court entered a final judgment of foreclosure and on February 13, 1968 the Clerk of this Court issued a certificate of title to the plaintiff. Then, on February 14, 1968 the plaintiff sold the property to Anchor Builders, Inc., a corporation apparently owned by the defendant, Isadore C. Edelstein. The plaintiff made an $8200 construction loan to the defendant, Anchor Builders, Inc. Meanwhile, in February, 1968, the defendant, lone A. Edelstein, knowing that the property had been sold to Anchor Builders, Inc., went by the property involved and saw construction going on. She knew that the property had been foreclosed and sold, she watched the construction going on, and yet she took no action in the matter until May, 1969, after the house had been completed. She filed a motion in the divorce proceedings seeking relief from her former husband, the defendant, Isadore C. Edelstein, on the ground that she had been defrauded out of the property. At the same time she filed a motion to bring in the plaintiff and Anchor Builders, Inc. as third party defendants, alleging that she had an interest in the property and she filed a lis pendens therein. The plaintiff was never served with any process in these proceedings and these motions were never disposed of.
In November, 1968 the plaintiff filed another foreclosure suit against the property herein involved, the defendant, Anchor Builders, Inc., having defaulted in the payments on the mortgage. The defendant, lone Edelstein, was served with process in this suit and in December, 1968 she filed defenses therein alleging the lack of service on her in the prior foreclosure suit and contending that she had been defrauded out of the property. This suit is still pending.
The process which was served on lone Edelstein (now lone Riley) is valid on its face. The plaintiff had no knowledge whatsoever that the summons had not been turned over to her. There is no evidence of any fraud or of any wrongdoing whatsoever on the part of the plaintiff. The defendant, lone Riley, formerly lone Edel-stein, had full knowledge of the foreclosure proceedings and they were held up for over two months to give her a chance to pay off the mortgage, including all costs of the foreclosure proceedings. She knew that the foreclosure had been completed and that the property had been sold to Anchor Builders, Inc. (her former husband’s corporation) yet she sat by for over three months and watched the construction of the building until it was completed and even then she took no action against the plaintiff seeking her relief against her former husband in the divorce proceed *724 ings. She did not file the motion to set aside the judgment of foreclosure in these proceedings until March 3, 1969.
The Court finds that with full knowledge of all the facts, the defendant, lone A. Riley, formerly lone A Edelstein, stood by without asserting her rights and allowed the plaintiff to change his position to his detriment and is therefore estopped from attempting at this late date to set aside the judgment in the foreclosure proceedings. As to whether or not the conduct of her former husband, the defendant, lone A. Edelstein (sic), constitutes a breach of his stipulation and a violation of the terms of the final judgment in the divorce proceedings is a matter to be decided there and this Court is not passing on that issue.
The Court having decided the issues involved in the motion to set aside the final judgment of foreclosure on their merits, it is therefore not necessary to make a ruling on the two motions to strike the defendant’s motion to set aside the final judgment of foreclosure.”
The Court thereupon denied the motion of Mrs. Edelstein to set aside the final judgment of foreclosure, which left the foreclosure judgment in full force and effect. Mrs. Edelstein has appealed inter-locutorily to this Court and challenges the refusal of the trial Court to set aside the judgment of foreclosure. We affirm.
This is a classic case for the application of the well-known doctrine of equitable estoppel. Lee v. Atlantic Coastline R. Co., 1940, 141 Fla. 545, 194 So. 252; City of Coral Gables v. State ex rel. Gibbs, 1942, 148 Fla. 671, 5 So.2d 241, 242; Walker v. L. Maxcy, Inc., CC5 Fla. 1939, 103 F.2d 24; Bemis v. Loftin, 1937, 127 Fla. 515, 173 So. 683; Connelly v. Special Road & Bridge Dist. No. 5, 1930, 99 Fla. 456, 126 So. 794, 71 A.L.R. 923; Jones v. Watkins, 1932, 105 Fla. 25, 140 So. 920; Nichols v. Bodenwein, 1933, 107 Fla. 25, 146 So. 86; United Service Corp. v. Vi-An Const. Corp., Fla. 1955, 77 So.2d 800.
To elaborate upon the facts in the case would be superfluous. They speak for themselves. And they have been succinctly stated by Judge Spoto. They make out a clear case of equitable estoppel.
The order appealed is therefore affirmed.
HOBSON, J., concurs.
McNULTY, J., dissents.