321 So.2d 601 (1975)
James O. HUSTAD and Joan M. Hustad, Appellants,
v.
EDWIN K. WILLIAMS & CO.-EAST, Doing Business As Marcoin Management Services, Appellee.
No. 74-1264.
District Court of Appeal of Florida, Fourth District.
October 24, 1975.
Rehearing Denied December 3, 1975.
*602 John A. Gentry, III of Moyle, Gentry, Jones & Flanigan, P.A., West Palm Beach, for appellants.
James T. Schoenbrod of Aurell & Huck, P.A., Miami, and William B. Le Cates of Carlisle & Tworoger, Fort Lauderdale, for appellee.
OWEN, Judge.
Appellee, the franchisor under a certain franchise agreement, sued appellants, the franchisees, alleging the latter's default and seeking specific performance of certain "buy out" and "noncompete" provisions of the agreement. Appellants counterclaimed alleging that it was the franchisor who had defaulted and seeking monetary damages resulting from such alleged breach. The counterclaim was severed and tried to a jury on the issues of whether the franchisor breached the agreement and, if so, the amount of franchisees' damages resulting therefrom. The jury resolved these issues favorably to the franchisees, awarding $30,000 damages. The judgment entered thereon was subsequently appealed to this court.[1]
Subsequent to entry of the aforesaid judgment in favor of the Hustads, they moved for dismissal of the complaint for specific performance, or alternatively, for summary final judgment on the complaint. The franchisor also moved for summary final judgment. The court entered an order denying both motions. The franchisees filed this interlocutory appeal assigning as error the denial of their motion, and the franchisor filed a cross-assignment of error directed to the same order contending that the court erred in denying its motion. Both parties contend before this court that there are no genuine issues of material fact and that the only issue is one of law.
The franchise agreement expressly provides in paragraph 16 thereof for the *603 rights and duties of the respective parties upon termination under various conditions. Material here is subparagraph 16(C) entitled "Termination by Default", and subparagraph 16(D) entitled "Restrictive Covenant". Paraphrased, 16(C) provides that if the agreement is terminated by the Hustads on account of the franchisor's breach, the franchisor shall have first refusal to purchase, and the Hustads shall sell to franchisor, all of the Hustads' accounts and good will of their business at a specified purchase price, and subparagraph 16(D) provides that upon termination of the agreement for any reason the Hustads will not, for a period of three years following termination, compete with the franchisor by carrying on a like business within the franchise territory.
The Hustads contend that appellee's breach was of a dependent covenant, and that under the principles set out in the case of Steak House, Inc. v. Barnett, 65 So.2d 736 (Fla. 1953) such breach "destroyed the entire contract," thereby relieving the Hustads of any further obligation or liability to comply with the requirements of subparagraphs 16(C) and 16(D). Such a position is not tenable under the facts of this case.
The breach of a dependent covenant gives the injured party the right to rescind the contract, or to treat it as broken and to recover damages for a total breach. Steak House, Inc. v. Barnett, supra; Mabry Corporation v. Dobry, 141 So.2d 335 (2nd DCA Fla. 1962); 17A C.J.S. Contracts § 425 (1963). The injured party must, however, elect between these two remedies as they are mutually exclusive. Weeke v. Reeve, 65 Fla. 374, 61 So. 749 (1913); Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (3rd DCA Fla. 1974); Owens v. Smith, 154 So.2d 878 (1st DCA Fla. 1963). If the contract is rescinded, it is as though it had never existed, but if the remedy sought is damages for its breach the injured party necessarily thereby recognizes and affirms the initial validity and enforceability of the contract. Even though the breach terminates the contract so that the injured party is no longer obligated to perform that which was to be performed in consideration of the contract, those provisions thereof which, in contemplation of the very breach that occurred, expressly provide for the rights and duties of the respective parties upon termination, should be given effect. Otherwise, such provisions would be totally meaningless.
The Hustads also contend that the agreement is invalid and unenforceable because it lacks mutuality of obligation, lacks mutuality of remedy, and is inequitable, unconscionable, oppressive, adhesive and contrary to sound public policy in that it allows the franchisor, by its own breach, not only to put the Hustads out of their present business through the "buy out" provision, but also to prevent them from engaging in a like business through the "noncompete" provision. Had the Hustads sought the equitable remedy of rescission as they might have, these arguments would most likely be attractive to a court of equity. However, they elected to affirm the validity of the agreement by successfully pursuing their counterclaim for damages and they may not now disaffirm the agreement. See cases cited, supra.
The contract terms are clear and unambiguous. They provide for the rights and duties of the respective parties upon termination (which all parties agree has occurred). There is no legal reason why the termination provisions of the agreement cannot now be specifically enforced. The order appealed is reversed and this cause remanded for further proceedings in accordance herewith.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] See, Edwin K. Williams & Co.  East v. Hustad, 4th DCA Fla., 321 So.2d 600, 1975.