NESBITT, Judge.
Appellánt (Tabatchnick’s) seeks reversal of a money judgment in the amount of $15,000 plus interest awarded to appellee (Davis) in an action for breach of contract. We find the award to be proper and affirm.
Davis entered into an option contract to purchase Tabatchnick’s’ interest in a restaurant which was then under construction. The consideration was $25,000 to be paid in installments, $15,000 of which had been paid at the time the action below was commenced. The option was to become effective September 1,1975 and run for a period of two years. As part of the agreement, the plaintiff was to be employed by Ta-batchnick’s at another restaurant operated by it. The purpose of the employment was to afford Davis the necessary training and experience in restaurant operation. For his employment, he was to receive $250 per week and be furnished with a station wagon for business and personal use. Davis commenced employment in February, 1975 and continued working until April, 1976 while the other restaurant he expected to purchase was under construction. Tabatch-nick’s did not obtain possession of the premises leased for the new restaurant nor did it commence making leasehold improvements, required by the option contract, until March, 1976. During this time and more particularly after September 1, 1975, Davis was paid an hourly rate which was less than the agreed compensation and was not provided with a vehicle for personal use. In July, 1976, Davis commenced this action for breach of contract and money damages. Following a nonjury trial, the court awarded him a $15,000 money-judgment plus interest.
It is Tabatchnick’s’ position that the trial court erred in awarding money damages because restitution was allowable under these circumstances only on a theory of rescission, International Realty Associates, Inc. v. McAdoo, 87 Fla. 1, 99 So. 117 (1924), and then only where the breach was so material that it permeated the entire contract, Steak House Inc. v. Barnett, 65 So.2d 736 (Fla.1953), and where there is no adequate remedy at law, Duncan Properties v. Key Largo Ocean View, Inc., 360 So.2d 471 (Fla. 3d DCA), appeal dismissed, 362 So.2d 1054 (Fla.1978).
Tabatchnick’s correctly argues that Davis, having sued on the contract, necessarily affirmed it rather than disavowing it as required when bringing a suit for rescission. Hustad v. Edwin K. Williams & Co.-East, 321 So.2d 601 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 41 (Fla.1976). Implicit in Tabatchnick’s’ argument is that the money damages paid by Davis toward the franchise are not recoverable by way of damages for breach of contract. We agree *39 that Davis might have utilized the remedy of rescission. We disagree with the argument that he may not recover in an action for breach of contract.
In United States v. Behan, 110 U.S. 338, 344-45, 4 S.Ct. 81, 83-84, 28 L.Ed. 168, 170 (1884), that court stated:
The prima facie measure of damages for the breach of a contract is the amount of the loss which the injured party has sustained thereby. If the breach consists in preventing the performance of the contract, without the fault of the other party, who is willing to perform it, the loss of the latter will consist of two distinct items or grounds of damage, namely: first, what he has already expended towards performance less the value of materials on hand; secondly, the profits that he would realize by performing the whole contract. The second item, profits, cannot always be recovered. They may be too remote and speculative in their character, and therefore incapable of that clear and direct proof which the law requires. ... If [profits are] not proved or if they are of such a remote and speculative character that they cannot be legally proved, the party is confined to his loss of actual outlay and expense. This loss, however, he is clearly entitled to recover in all cases, unless the other party, who has voluntarily stopped the performance of the contract, can show the contrary, (emphasis added)
In this case, Davis did not attempt to seek loss of profits because they were obviously too remote and speculative to be recoverable. Babe, Inc. v. Baby’s Formula Service, Inc., 165 So.2d 795 (Fla. 3d DCA 1964).[1] Davis did seek and was properly allowed to recover the $15,000 he had already expended toward performance.
Where a right of action for breach exists, compensatory damages will be given for the net amount of the losses caused and gains prevented by the defendant’s breach, in excess of savings made possible, if established in accordance with the rules stated in §§ 330-346 [relating to foreseeability, certainty,- and avoidance of harm]
Restatement of Contracts § 329. These expenditures are caused by the making of the contract and are generally incurred before the breach takes place. The expenditures for part performance are normally fully reimbursed:
either directly or indirectly by the performance promised by the defendant; and even though not mentioned they are included in any judgment for damages measured by the contract price less the cost of completion of the plaintiff’s unfinished work. A judgment for such expenditures, therefore, is a judgment for a portion of the value promised by the defendant, the receipt of which by the plaintiff is prevented by his [the defendant’s] breach.
Corbin on Contracts § 1031.
In the present case, the trial court properly awarded Davis the expenditure made in anticipation of performance by Tabatch-nick’s.
Affirmed.

. Davis has not cross-appealed for damages for loss of salary and loss of use of the vehicle.