398 So.2d 842 (1981)
ROLF'S MARINA, INC., a Florida Corporation, Appellant,
v.
RESCUE SERVICE & REPAIR, INC., a Florida Corporation; Edward T. Gagnon and Jean Gagnon a/K/a E. Jean Gagnon, His Wife, Appellees.
No. 80-1385.
District Court of Appeal of Florida, Third District.
April 21, 1981.
Rehearing Denied June 3, 1981.
Robert S. Appleton (Marathon); John A. Finn, Miami, for appellant.
Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and R. Benjamine Reid, Miami, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
*843 HENDRY, Judge.
Appellant, ordered to choose between inconsistent forms of relief, elected a remedy which proved to be legally unavailable. We reverse that portion of the final order which dismissed appellant for failure to state a legal claim, and remand with leave to appellant to pursue its formerly abandoned positions. We affirm the entry of judgment of foreclosure.
Appellant is a Florida corporation chartered to operate an existing Key Largo marina and marine repair service, which was purchased from appellees for cash, a motor home, and a purchase money second mortgage. The contract for sale warrantied that the land upon which the business was located was zoned to allow such an enterprise; in fact, it was not. Appellant's eventual action sounded in contract for recision, reformation or damages; and in tort, seeking damages for fraudulent misrepresentation.
Upon oral motion on the day of trial, the circuit court properly ordered appellant to make an election between recision or damages, Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (Fla.3d DCA 1974), cert. denied, 298 So.2d 416 (Fla. 1974); appellant chose the former. At trial, it was established that appellant had inadvertently affirmed the contract for sale by his tender, months after the zoning problem came to light, of an annual mortgage payment. Since, by that ratification, appellant barred itself thereafter from seeking contractual recision, Jones v. Watkins, 105 Fla. 25, 140 So. 920 (1932); Steinberg v. Bay Terrace Apartment Hotel, Inc., 375 So.2d 1089, 1092-93 (Fla.3d DCA 1979); it is clear that the remedy elected was illusory. The law does not mandate so harsh a result:
[F]or an action to constitute "election of remedies", there must be two or more available remedies open to plaintiff at the time he institutes the first action. Gibson v. American Ins. Co., 146 Fla. 171, 200 So. 357. The remedies sought must not only be inconsistent but they must also be coexistent. If the remedy sought in the first instance does not exist at the time it is sought, then there is no election of remedies. The parties are not bound unless, at the time of the first suit, there are two remedies then available from which an election may be made. If, in the first instance, plaintiff proceeds upon an assumed remedy which does not exist at the time, and such effort proves abortive, he is not precluded from resorting to another remedy.
Perry v. Benson, 94 So.2d 819, 821 (Fla. 1957); Restatement of Contracts § 383 (1932); criticized in Dobbs, Remedies 20 (1973).
Upon remand, appellant may seek damages for the contractual breach, Tabatchnick's II, Inc. v. Davis, 386 So.2d 37 (Fla.3d DCA 1980); Hustad v. Edwin K. Williams & Co.  East, 321 So.2d 601, 603 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 41 (Fla. 1976); or for the alleged fraud, Storrs v. Storrs, 130 Fla. 711, 178 So. 841, 844 (1937) (rehearing), after remand, 139 Fla. 270, 190 So. 512 (1939), Williams v. McFadden, 23 Fla. 143, 1 So. 618, 621-22 (1887). (In the context of the tort claim, we direct the trial court's attention to the recent decision of the Florida Supreme Court in Bessett v. Basnett, 389 So.2d 995 (Fla. 1980).)
Affirmed in part, reversed in part, and remanded.