THOMPSON, Judge.
The appellants, who were defendants and counterplaintiffs below, appeal a final judgment and amended final judgment granting appellee’s suit for foreclosure and denying appellants’ counterclaim for rescission.
The appellants contend, inter alia, that the trial judge erred in denying their counterclaim for rescission-because they have no adequate remedy at law. The court properly denied rescission because appellants breached the contract by failing to make the July 14 mortgage payment. There is competent substantial evidence this breach occurred prior to any arguable breach by the appellee in failing to provide a release of 90 acres of the property from an existing mortgage. Appellee’s failure to perform after July 14 is not actually a breach of contract because the appellants’ breach operated to terminate the contract and relieve the appellee of its duty to perform. Hustad v. Edwin K. Williams & Co.-East, 321 So.2d 601 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 41 (Fla.1976). Therefore, the failure of the appellee to provide the release is not a breach of contract for which damages are due and appellants were properly denied damages and the equitable remedy of rescission.
We find no merit to the remaining issues. AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.