269 So.2d 396 (1972)
Carleton E. HAUSER and Betty Jo Hauser, Appellants,
v.
Arthur VAN ZILE, and Angelena Van Zile, His Wife, Jointly and Severally, Appellees.
No. 71-834.
District Court of Appeal of Florida, Fourth District.
November 22, 1972.
*397 Thomas A. Bratten, of Campbell, Colbath, Kapner & Bratten, West Palm Beach, for appellants.
Evelyn R. Flack of the Law Offices of Ronald Sales, Palm Beach, for appellees.
*398 PER CURIAM.
The appeal is by the plaintiffs below from a final judgment consequent on an order of the trial court dismissing the amended complaint for failure to state a cause of action. The suit was filed in the Circuit Court of Palm Beach County, Florida, on 18 December 1970.
The plaintiffs, Carleton E. Hauser and Betty Jo Hauser, alleged that on or about 1 June 1970 they entered into a contract with Juno Beach Mobile Court, Inc., to purchase from it a parcel of real property in the City of Juno Beach, Palm Beach County, Florida. A copy of the contract is attached as an exhibit to the complaint. The defendants, Arthur Van Zile and Angelena Van Zile, his wife, are identified in the complaint as the president and secretary-treasurer, respectively, of the corporate vendor.
The complaint alleges in paragraph 5 that during the negotiations leading up to the contract and thereafter to the time of closing, the defendants falsely represented to the plaintiffs that the real property in question could be used for the purpose of a mobile home park consisting of 65 permanent trailer sites and 22 temporary trailer sites. The complaint states that the foregoing representations were not true because the City of Juno Beach had an ordinance which made the use of the temporary trailer sites illegal, all of which was known to the defendants and unknown to the plaintiffs. As a result of the alleged misrepresentation, the plaintiffs signed the contract and later closed it on 5 August 1970 by receiving a deed and paying the vendor approximately $77,750.00 in cash and delivering a note and mortgage for the balance of the purchase price. Paragraph 14 alleges that on 7 August 1970, two days after the closing, the plaintiffs learned of the misrepresentation and "... elected to rescind the contract, deed, note, purchase money mortgage, and cash payments made on August 5th and gave notice in writing to the Defendants and Juno Beach Mobile Court, Inc. of such election to rescind... ." Paragraph 15 of the complaint alleges that the plaintiffs did not go into possession of the property and that no changes occurred between the closing and the election to rescind that would have prevented a restoration of the parties to status quo (presumably as it existed before the contract was signed). The foregoing are the essential allegations of the complaint except for those relating to damages. The damages claimed are attorney's fees in connection with the litigation, costs, and interest on the cash plaintiffs paid the vendor on closing, calculated from the time of the plaintiffs' election to rescind. The demand for relief claims damages for these items and $100,000.00 in punitive damages.
Properly stated the issue on appeal is whether or not the complaint states a cause of action. The first point in appellants' brief is not dispositive of this issue. The second point will be covered to the extent necessary in the balance of this discussion.
Where one is induced to enter a contract to purchase real property by fraudulent misrepresentations of the vendor, he has several legally recognizable remedies. First he may rescind the contract by returning what he gained thereunder, or offering to do so, and bring an action at law to recover the consideration parted with on the basis of the fraudulent contract. Norris v. Eikenberry, 1931, 103 Fla. 104, 137 So. 128, 133; Willis v. Fowler, 1931, 102 Fla. 35, 136 So. 358, 368. Secondly the injured person may sue the vendor in equity for a rescission and cancellation of the contract or, where the contract is executed, the deed and other related documents. In this event the equity court may provide an award of such incidental damages as are necessary to effect complete relief. Norris v. Eikenberry, supra; Baylen Street Wharf Co. v. City of Pensacola, Fla. 1949, 39 So.2d 66. Finally, the injured party could retain what he received under the contract and sue at law for damages. The election of this remedy *399 involves a ratification of the otherwise voidable contract. Weeke v. Reeve, 1913, 65 Fla. 374, 61 So. 749.
The plaintiffs here are claiming (a) interest on the money paid at the time of closing to the vendor, and (b) attorney's fees and costs. The latter claim is based on a provision in the contract between the plaintiffs and Juno Beach Mobile Court, Inc. Since the defendants were not parties to that contract, the claim for attorney's fees and costs based thereon may be disregarded. The critical issue is whether or not the complaint states a cause of action against the defendants for the recovery of the interest on the money paid at the time of closing. Such is not the measure of damages which Florida cases heretofore have held to be recoverable in an action at law for damages resulting from misrepresentations inducing the purchase of real property. See Willis v. Fowler, supra, and Williams v. McFadden, 1887, 23 Fla. 143, 1 So. 618, 621. This element of damage might have been recovered from Juno Beach Mobile Court, Inc., the vendor, in an equity action to rescind and cancel the deed, note and mortgage. In the context of an equitable proceeding the award might be made for the purpose of restoring the status quo. The above mentioned Florida precedent leads us to conclude that the plaintiffs have not stated a cause of action for compensatory damages against the vendor's agents, the defendants here. There is an additional ground for affirming the trial court. The plaintiffs' complaint expressly states that on 7 August 1970 plaintiffs rescinded the contract and at that time nothing had occurred to prevent a restoration of the status quo. Where a presumably complete remedy is thus available against the vendor and the plaintiffs' own complaint shows that they pursued the remedy, it is inconsistent to allow the plaintiffs to proceed against the agents for damages, without some allegation that the remedy pursued against the vendor by rescission was inadequate to fully compensate the plaintiffs. See our opinion in Klondike v. Blair, Fla.App. 1968, 211 So.2d 41, wherein we stated:
"... The doctrine of election of remedies is an application of the doctrine of estoppel on the theory that one electing should not later be permitted to avail himself of an inconsistent course ... However, one is only held to have elected a remedy so as to bar other or different courses of action when the remedies are inconsistent, or if consistent, where the remedy pursued results in satisfaction of the claim... ."
For the several reasons mentioned, we hold that plaintiffs' complaint does not state a cause of action against defendants for compensatory damages. Assuming that we are correct in this regard, the claim for punitive damages must of necessity fail. McLain v. Pensacola Coach Corp., 1943, 152 Fla. 876, 13 So.2d 221, adopted and applied the general rule that:
"`... exemplary or punitive damages are not recoverable in an action of tort unless actual damages are shown, although it is not always essential that such actual damages be susceptible of exact calculation... .'"
In the McLain case the issue was whether or not the trial court's error in not instructing the jury on punitive damages was harmful in view of the fact that the jury determined there was no right to compensatory damages. Under those facts the court applied the general rule stated above. The same appears equally applicable to our situation.
Affirmed.
REED, C.J., WALDEN, J., and MORROW, RUSSELL O., Associate Judge, concur.