416 So.2d 478 (1982)
Ralph C. ERWIN and Peggy L. Erwin, His Wife, Appellants,
v.
Morgan SCHOLFIELD and Doris D. Scholfield, His Wife, and Surfcoast Realty, Inc., Appellees.
No. 81-1081.
District Court of Appeal of Florida, Fifth District.
June 9, 1982.
Rehearing Denied July 13, 1982.
Burke D. Chester, Daytona Beach, for appellants.
Kenneth D. Morse of Matthias & Matthias, Orlando, for appellees.
COWART, Judge.
This case involves an action by a seller under a contract to sell land to recover the buyer's deposit money as liquidated damages.
*479 The parties entered into a contract wherein appellees agreed to sell a condominium to appellants, who deposited with a real estate broker money equal to about ten per cent of the purchase price. Thereafter, a dispute occurred and the sellers instituted an action seeking specific performance and, alternatively, damages for an alleged breach of the contract by the buyers. The buyers answered and filed a third-party complaint against the broker to recover their deposit. Thereafter the sellers, pursuant to motion granted by the court, amended their complaint, alleging the property had been sold to a third party and seeking the deposited money in lieu of actual damages or specific performance. The trial court ultimately granted the sellers' motion for summary judgment, awarding the sellers the deposited money as liquidated damages plus interest and attorney's fees.
The contract in question provided that, upon the buyer's default, the seller at his option could retain the buyer's deposit as liquidated damages or proceed at law (for damages for breach of contract) or in equity (for specific performance).
We hold that the filing of the action seeking damages and specific performance did not constitute an irrevocable exercise of the seller's options nor an election between alternative remedies so as to preclude the latter claim for the deposit as liquidated damages. See Williams v. Duggan, 153 So.2d 726 (Fla. 1963). Under Florida Rule of Civil Procedure 1.110(g) the sellers could have originally sought all three alternative remedies. See Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980). The remedies sought here by the seller are all factually consistent, in that all three are based on the theory that the buyer breached the contract. The remedies, however, are legally inconsistent. Election between legally inconsistent remedies need only occur before judgment is entered. Williams v. Robineau, 124 Fla. 422, 168 So. 644 (1936); see also Owens v. Smith, 154 So.2d 878 (Fla. 1st DCA 1963).
The trial court did not err in permitting the complaint to be amended to claim the liquidated damages. Also, full recovery of the deposit as liquidated damages in this instance does not appear to be unconscionable. See Hutchison v. Tompkins, 259 So.2d 129 (Fla. 1972); McNorton v. Pan American Bank of Orlando, N.A., 387 So.2d 393 (Fla. 5th DCA 1980), pet. denied 392 So.2d 1377 (Fla. 1981); Bruce Builders, Inc. v. Goodwin, 317 So.2d 868 (Fla. 4th DCA 1975). The summary final judgment was otherwise proper and is hereby affirmed. However, from the record and statements at oral argument, it appears that the sellers sought and recovered all attorney's fees expended in this cause, including those relating to the abandoned claims for damages and specific performance, as well as those relating to the prosecution of the second amended complaint seeking recovery of the liquidated damages. Therefore, we reverse the award of attorney's fees and remand with directions for the trial court to determine and allow only a reasonable attorney's fee for services necessary to prosecute the claim for liquidated damages.
AFFIRMED in part; REVERSED in part.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.