436 So.2d 974 (1983)
GENERAL ELECTRIC COMPANY, Appellant,
v.
ATLANTIC SHORES, INC., etc., et al., Appellees.
No. 82-1512.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
Rehearing Denied September 7, 1983.
Lawrence H. Samaha, Tampa, for appellant.
Leon G. van Wert of van Wert, Heebner & Kennedy, P.A., Daytona Beach, for appellee Atlantic Shores, Inc.
No appearance for appellee St. Augustine, Inc.
COWART, Judge.
This case involves the question of election of remedies between a cause of action for a mechanic's lien and for replevin of goods which may have become fixtures and of a disputed question of fact as to when, if ever, personal property became fixtures.
Appellant (General Electric Company) supplied appliances (ranges, hoods, fans, refrigerators, etc.) to a contractor to be installed in homes being constructed in a subdivision owned by appellee (landowner). General Electric first filed a claim of lien (§ 713.08, Fla. Stat. (1981)) and notice to owner (§ 713.06(2)(a), Fla. Stat. (1981)). Apparently perceiving a limited balance due on the contract price available for prorata payment of lienors under section 713.06(4), Florida Statutes (1981), General Electric then filed a replevin action. Actual replevin was stopped by the posting of a forthcoming bond. Both General Electric and *975 the landowner moved for summary judgment. General Electric argued the uncontested facts disclosed that it had a valid security interest in the goods not affixed to the real estate (§ 679.313(2)(a), Fla. Stat. (1981)). The landowner argued that by filing the claim of lien and by giving notice to the owner and giving partial waivers of lien rights and other actions taken, General Electric had made an election of remedies in favor of a mechanic's lien and against replevin and that the uncontested facts disclosed that General Electric intended for the goods to become fixtures. The trial court entered summary judgment for the landowner and discharged the forthcoming bond. General Electric appeals. We reverse.
The filing of the notices required to perfect a mechanic's lien under chapter 713 did not constitute an election of remedies. Election need only be made before a judgment is entered in an action on one or the other or both of legally inconsistent remedies. See Erwin v. Scholfield, 416 So.2d 478 (Fla. 5th DCA 1982). General Electric's remedies are legally inconsistent only because each is based on facts which are necessarily inconsistent. If at the time the writ of replevin was, or should have been, executed, the goods were not so incorporated or affixed to the realty that they had lost their legal character as personal property and had become fixtures, the remedy of replevin was available under section 78.01, Florida Statutes (1981). See also § 713.15, Fla. Stat. (1981). On the other hand, if, at that time, the goods had become fixtures, General Electric was relegated to pursuit of its mechanic's lien remedy.
The summary judgment below was erroneously based in part on the legal conclusion that by its acts toward perfecting a mechanic's lien, General Electric had elected its mechanic's lien remedy. The summary judgment was also based in part on a conclusion that the goods in question had become fixtures because the facts showed that General Electric "knew and intended the appliances to be incorporated into the improvement on the real property of the defendant and that this fact of `incorporation' and `use' of the equipment is factually inconsistent with General Electric Company's attempt now to replevin these appliances." The fallacy in this finding is the leap from General Electric's knowledge and intent as to the future possibility of the appliances becoming fixtures to the conclusion that the appliances had in fact actually become incorporated and affixed to the realty. As distinguished from the intent of one incorporating or affixing personalty to realty, the intent of the manufacturer or supplier of goods may not even be relevant to whether or not the goods ever become fixtures. In any event, such intent does not control whether the goods have or have not in fact become incorporated or affixed to the realty as is necessary for them to become fixtures. As to that question of fact, which involves disputed issues of fact and of inferences that can be drawn from the undisputed facts, the summary judgment should have been denied and that matter reserved for trial. The summary judgment is reversed and the cause remanded for further proceedings including the resolution of the factual and legal issues involved in a judicial determination of the character of the goods in question as being personalty or fixtures at the time of the attempted replevin.
REVERSED AND REMANDED.
ORFINGER, C.J., and COBB, J., concur.