ORFINGER, Judge.
Florida Federal Savings. & Loan Association appeals a final judgment allowing Britt’s Inc., pursuant to section 713.15, Florida Statutes (1983), to repossess certain appliances which had been installed in a residence foreclosed upon by Florida Federal. We find error in the trial court’s determination and reverse.
Florida Federal filed its foreclosure action in March, 1982, naming Britt’s Inc., among others, as a party defendant by virtue of a claim of lien Britt’s had recorded in Orange County. The claim of lien arose in connection with the delivery of certain kitchen appliances by Britt’s to the subject property for installation. These appliances included a cook top, a wall oven, a microwave oven, and an automatic dishwasher. All of the appliances were affixed to the premises by screws and wires so that their removal was easily achieved without damage to the realty.
In response to the foreclosure action, Britt’s filed a cross-claim seeking repossession of the appliances pursuant to section 713.15, Florida Statutes (1983). Summary judgment in favor of Florida Federal was entered in the foreclosure action, excluding the appliances, and the realty was ultimately sold at a judicial sale. Subsequently, in a separate proceeding on Britt’s cross-claim, the trial court found that section 713.15 applied to allow Britt’s to repossess the appliances. Section 713.15 provides:
If for any reason the completion of an improvement is abandoned or though the improvement is completed, materials delivered are not used therefor, a person who has delivered materials for the improvement which have not been incorpo *1346 rated therein and for which he has not received payment may peaceably repossess and remove such materials or re-plevy the same and thereupon he shall have no lien on the real property of improvements and no right against any persons for the price thereof, but shall have the same rights in regard to the materials as if he had never parted with their possession. This right to repossess and remove or replevy the materials shall not be affected by their sale, encumbrance, attachment, or transfer from the site of the improvement, except that if the materials have been so transferred, the right to repossess or replevy them shall not be effective as against a purchaser or em-cumbrancer thereof in good faith whose interest therein is acquired after such transfer from the site of the improvement or as against a creditor attaching after such transfer. The right of repossession and removal given by this section shall extend only to materials whose purchase price does not exceed the amount remaining due to the person repossessing but where materials have been partly paid for, the person delivering them may repossess them as allowed in this section on refunding the part of the purchase price which has been paid. [Emphasis supplied].
The sole issue on appeal is whether the trial court erred in finding that the kitchen appliances were not incorporated into the premises under section 713.15 and therefore could be repossessed by Britt’s. Clearly, under the statute if the appliances were incorporated, section 713.15 is not applicable; however, if they were not, section 713.15 provides an equitable means by which a supplier may recover furnished materials and have a superior status over all other creditors. See, Matter of Lowery Brothers, Inc., 589 F.2d 851 (5th Cir.1979).
While the term “incorporated” is neither defined by statute nor in case law, The American Heritage Dictionary of the English Language says it means “united in one body; combined,” and many courts have analogized the application of mechanic’s lien laws, presumably including section 713.15, to the law of fixtures. See, e.g., Fell v. Messeroff 145 So.2d 238 (Fla. 3d DCA 1962). Also see, General Electric Co. v. Atlantic Shores, Inc., 436 So.2d 974 (Fla. 5th DCA 1983), where this court uses the terms “fixture” and “incorporated” interchangeably.
The law of fixtures, however, is not as applicable to the instant case as it could be, because the chief test in determining whether an item is a fixture is the intention of the party making the annexation. Commercial Finance Company v. Brooksville Hotel Co., 98 Fla. 410, 123 So. 814 (1929). That party is not involved in this action. Nevertheless, the parties here do not dispute that the appliances were installed in the premises by screws and wires ready for permanent use. In that condition the appliances could not have become any more “incorporated” into the premises than they were. Even though they could have been easily removed from the premises, there is nothing in the record to suggest that they were intended to be installed for anything other than permanent use. Once installed and ready for use they were “combined” or “united” with the whole of the premises. This, coupled with the fact that the appliances once removed from the premises, would leave gaping holes behind, indicates that the installation of the appliances was such as to cause them to become “incorporated” into the premises. Thus, upon their installation, the appliances were so incorporated into the property that to remove them would have left the -realty less than complete. As a result, the trial court erred in applying section 713.15, to allow Britt’s to repossess the appliances, and final judgment in favor of Britt’s is therefore reversed.
REVERSED.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.