458 So.2d 332 (1984)
MONCO OF ORLANDO, INC., Appellant,
v.
ITT INDUSTRIAL CREDIT CORPORATION, Appellee.
No. 83-811.
District Court of Appeal of Florida, Fifth District.
October 4, 1984.
Rehearing Denied November 7, 1984.
*333 James E. Foster, and E. Givens Goodspeed, of Fishback, Davis, Dominick, Bennett, Foster, Owens & Watts, of Orlando, for appellant.
Douglas B. Beattie, of Colling & Beattie, P.A., Orlando, for appellee.
ORFINGER, Judge.
The plaintiff below, Monco of Orlando, Inc. (Monco) appeals a final judgment entered in favor of defendant, ITT Industrial Credit Company (ITT) following a jury verdict on a count of civil theft and the denial of its motion for a new trial. We affirm in part and reverse in part.
The trial below revealed a complex, bizarre factual situation, so we will recite only what is necessary to an understanding of this opinion. Monco is a closely held corporation which manufactures machinery for laminating printed paper on particle board. Because of a need to be able to fabricate replacement parts for its machines, Monco purchased a Lagun vertical milling machine in 1979 from Mercury Machine Tool and Supply Corporation (Mercury) a distributor of new and used equipment. The Lagun machine is the subject of this litigation.
On January 1, 1981, Monco sent the Lagun back to Mercury for testing and repair of some intermittent technical problems. Later that month, one of Monco's owners learned that Mercury was experiencing some "serious problems," so he went there to retrieve the Lagun. Upon arriving at Mercury, he discovered that the machine was gone. During this same time period, various finance companies, including the defendant-appellee, had become increasingly concerned about the activities of Mercury. As was later revealed, Mercury was engaged in a scheme of "double financing" whereby Mercury would place multiple serial numbers on the same machine and finance it many times over.
In January 1981, ITT reclaimed from Mercury a vertical milling machine which it had financed, bearing an identification plate describing it as a Shizuoka, serial # 58326, and stored it in a warehouse. After Mercury filed for bankruptcy and the discovery that many machines had been double financed, Monco officials began looking for the Lagun at warehouses where various finance companies had stored reclaimed machines. In mid-May, 1981, the Lagun was located in ITT's warehouse, and was subsequently identified as a Lagun, and not a Shizuoka as ITT had been led to believe. When efforts to reclaim the machine from ITT failed, Monco filed suit, ultimately seeking relief in replevin (Count I), conversion, (Count II) and civil theft[1] (Count III).
*334 At a pre-trial conference immediately prior to jury selection, the trial court, over the strenuous objection of plaintiff, required the plaintiff to elect the remedy it would pursue. Plaintiff argued that the remedies were not inconsistent, but even if they were, an election was not required prior to jury verdict. When the objections were overruled, plaintiff elected to proceed on the civil theft count. The jury returned a verdict for defendant, and the court entered judgment on the verdict. Plaintiff contends that it was error to require it to elect prior to trial, and we agree.
Florida Rule of Civil Procedure 1.110(g) clearly permits the joinder of inconsistent causes of action. While appellant concedes that an action for replevin and an action seeking damages for conversion are legally inconsistent, it contends that the conversion action and civil theft action are not inconsistent. Further, appellant argues that even if all are inconsistent, the requirement that an election be made prior to trial was premature.
Here, all three causes of action arise out of the same facts. If the action for conversion and civil theft are consistent (a point we need not now decide) then requiring plaintiff to elect between them was error, because an election need only be made between inconsistent remedies. See Williams v. Robineau, 124 Fla. 422, 168 So. 644 (1936); Klondike, Inc. v. Blair, 211 So.2d 41 (Fla. 4th DCA 1968); 1 Fla.Jur.2d, Actions, § 152. Appellant concedes that the action for replevin is inconsistent with the other remedies, and contends that even if the conversion and civil theft counts were also inconsistent, that it should not have been required to elect prior to trial. Appellant is correct in that assertion. We have held that an election between inconsistent remedies need only occur before judgment is entered. Wolfe v. Aetna Insurance Company, 436 So.2d 997 (Fla. 5th DCA 1983); General Electric Company v. Atlantic Shores, Inc., 436 So.2d 974 (Fla. 5th DCA 1983); Erwin v. Scholfield, 416 So.2d 478 (Fla. 5th DCA 1982).
Appellee relies on Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (Fla. 3d DCA), cert. denied, 298 So.2d 416 (Fla. 1974), as authority for the proposition that the trial court did not err in requiring the election between inconsistent remedies before trial. That case involved one count for rescission of a contract and another count for damages. Finding that the remedies sought were mutually exclusive, the appellate court concluded that the trial court was correct in requiring the election prior to trial. As has been suggested, Deemer may be distinguishable on the basis that both the facts and the legal remedies were inconsistent, whereas here the facts are legally consistent but the remedies are inconsistent. We find it difficult to reconcile that decision with the principles announced by this court, and we cannot agree with its result, so we deem that case to be in conflict with this decision, as well as with Wolfe, General Electric and Erwin. Additionally, the same court has held that if the remedy selected proves illusory or unavailing, then the plaintiff is not precluded from seeking an alternative, inconsistent remedy in a later action. Rolf's Marina, Inc. v. Rescue Service and Repair, Inc., 398 So.2d 842 (Fla. 3d DCA 1981). We see no policy consideration in the requirement that multiple actions should be required to provide one remedy, if a plaintiff is entitled to one of several inconsistent remedies.
Although not specifically deciding the point, in Cordell v. World Insurance Company, 358 So.2d 223 (Fla. 1st DCA 1978), the First District appears to have taken the same view we subscribe to. There, the specific holding was that the trial court erred in requiring an election between inconsistent remedies prior to the defendant filing an answer. In that case too, the action was for rescission and damages. The court held, however, that the trial court erred in requiring the election "prior *335 to defendant's answer, prior to pre-trial conference and prior to the taking of evidence" (emphasis supplied).
The appellant has not demonstrated any other error with regard to the trial on the issue of civil theft, so no new trial is warranted on that issue. Therefore, the appellant is not entitled to any award of attorney's fees under section 812.035(7), and the motion for such fees is denied.
Defendant is entitled to a judgment on the count for civil theft, but is not entitled to an award of costs pending final outcome of all remaining issues. The judgment entered on the verdict on the civil theft count is affirmed, but the cost award therein is set aside. The cause is remanded for a new trial on the issues of replevin and conversion, and for further proceedings consistent with the principles expressed herein.
AFFIRMED in part, REVERSED in part and REMANDED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] The civil theft count was based on section 812.035(7), Florida Statutes (1981), which says:

Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 shall have a cause of action for threefold the actual damages sustained and, when appropriate, punitive damages. Such person shall also recover attorney's fees in the trial and appellate courts and costs of investigation and litigation.