In re Robert B. GRAY and Mary T. Gray, Debtors.

Bankruptcy No. 87–01603–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

Aug. 21, 1987.

Robert J. Nemrow, Shapiro, Rose & Fishman, Miami, Fla., for City Federal Sav. and Loan Ass'n, etc.

Steven Friedman, Friedman & Lehman, P.A., Miami, Fla., for Trustee.

Gui Govaert, Miami, Fla., Trustee.

Marvin Quittner, Plantation, Fla., for debtors.

### ORDER ON MOTION FOR REHEARING

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard on August 20, 1987 upon the motion for partial rehearing or in the alternative, motion for clarification filed by City Federal Savings and Loan Association, f/k/a City Federal Savings Bank, and filed with the Clerk on July 17, 1987.

This case was filed on May 12, 1987 and relief ordered. City Federal moved for stay relief and an order granting relief

from the automatic stay was entered on July 8, 1987.

City Federal had foreclosed a mortgage securing a note on real property described as:

"Condominium Unit 10730–5 of LAGU-NA CLUB CONDOMINIUM, according to the Declaration of Condominium thereof, recorded in Official Records Book 9009, at Page 1608 of the Public Records of Dade County, Florida."

The form of the mortgage was the Florida—Single—Family—FNMA/FHLMC Uniform Instrument, Form 3010 12/83, which form was revised on 8/84. The form contains in its printed language on the first page the following:

"Together With all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas rights and profits, water rights and stock *and all fixtures* now or hereafter a part of the property."

At the time of the hearing on stay relief, the attorney for the trustee argued that the stay relief was without prejudice to the Bankruptcy Court trustee's rights in the non-exempt personal property of the estate, namely, the oven, refrigerator and dishwasher. The order noted that it was the secured creditor's contention that the above items were, in fact, fixtures and not personalty.

City Federal now asks the court to reconsider the prior order insofar as it applies to the oven, dishwasher and refrigerator. City Federal relies on *Florida Federal Savings and Loan Association v. Britt's, Inc.*, 455 So.2d 1345 (Fla. 5th D.C.A. 1984) and *First Federal Savings and Loan Association of Okaloosa County v. Stovall*, 289 So.2d 32 (Fla 1st D.C.A. 1974).

The evidence taken at the prior hearing in this cause, clearly established that each of the items, the oven, dishwasher and the refrigerator were free-standing appliances which were made operative by inserting a normal electrical plug into an electrical socket. They were neither screwed, wired or otherwise mounted to any surface and could be removed without any damage to

the premises whatsoever. It is undisputed that the lending institution did not record a UCC 1 identifying the property as personalty securing their note but relied only on the clause referenced above to encumber the oven, dishwasher and refrigerator under their mortgage instrument.

It is true that personalty may become a fixture by agreement of the parties. For this to happen, it must be clearly established that such was the intent of the parties. No such intent is established by this record. Had the bank intended to include the oven, dishwasher and refrigerator as fixtures, it could easily have inserted in the several inches of blank space on the face of the mortgage, immediately above the "Fixtures" clause, language stating the parties agreed that the oven, dishwasher and refrigerator are deemed fixtures and were thus encumbered by this mortgage. The lender chose not to do so. In the absence of a clear and convincing establishment of the intent of the parties to include this personalty as fixtures, it is the opinion of this court that said free-standing appliances which can be removed from the property merely by unplugging the electrical plug and without any damage to the realty whatsoever, and in the absence of an expressed agreement between the parties that they shall constitute fixtures, must be classified as personalty, not encumbered by the mortgage. Accordingly, it is

ORDERED that the oven, dishwasher and refrigerator are not encumbered by plaintiff's mortgage and are the property of the trustee as part of the debtor's estate.

The trustee shall cooperate with counsel for the debtor in arranging the prompt removal of the personalty so as to not hinder or impede with the foreclosure sale of the property.