549 So.2d 682 (1989)
Alicia DE PANTOSA SAENZ, Appellant,
v.
RIGAU & RIGAU, P.A., a Florida Professional Corporation, Roger Rigau, and Betty Jo Nickless, Appellees.
No. 88-01720.
District Court of Appeal of Florida, Second District.
August 11, 1989.
Rehearing Denied October 3, 1989.
*683 Ralph C. Stoddard of Ralph C. Stoddard, P.A., Brandon, for appellant.
Harry M. Hobbs of Harry M. Hobbs, P.A., Tampa, for appellees Rigau & Rigau, P.A., and Roger Rigau.
L. Joseph Shaheen, Jr., and Lansing C. Scriven of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, for appellee Betty Jo Nickless.
ALTENBERND, Judge.
The plaintiff, Alicia De Pantosa Saenz, appeals a final judgment in which the trial court dismissed her legal claims for damages against the defendants because she had elected the equitable remedy of rescission concerning one of the defendants. We reverse the final judgment in favor of Mr. Rigau and his professional association because the plaintiff's substantive rights against her former attorney are not barred by the equitable remedy she received from Ms. Nickless. We affirm the final judgment as to Ms. Nickless because the plaintiff has knowingly and voluntarily accepted the benefit of that judgment.
The plaintiff's allegations against the defendants are very serious. The truth of these allegations has not yet been tested in light of the procedural developments of this case. The plaintiff alleges that she is a citizen and resident of Peru. She does not understand either written or spoken English. In 1984, she purchased a piece of property in Hillsborough County, Florida, for approximately $100,000. She paid $30,000 in cash and gave the former owners a purchase money mortgage in the approximate amount of $70,000.
In 1986, she decided to sell the property. With the assistance of her daughter-in-law, who apparently lives in Florida and speaks *684 English, the plaintiff retained the services of Roger Rigau, an attorney, to represent her concerning the sale. The daughter-in-law informed Mr. Rigau of the earlier purchase price and the outstanding mortgage. She told him that her mother-in-law authorized him to sell the property for a purchase price between $115,000 and $130,000. Mr. Rigau allegedly mailed a blank quit-claim deed to the plaintiff with instructions to execute the deed so that he could sell the property. The plaintiff signed the blank deed and returned it to Mr. Rigau.
Thereafter, the daughter-in-law called Mr. Rigau to check on the status of the sales effort. She was informed by Mr. Rigau that he had sold the property to Betty Jo Nickless for $70,000. He allegedly transferred the property to Ms. Nickless simply by allowing her to pay off or assume the mortgage on the property. Further investigation revealed that Betty Jo Nickless is Mr. Rigau's mother-in-law.
With the assistance of a new attorney, the plaintiff filed a five-count complaint against Ms. Nickless, Mr. Rigau, and his professional association, Rigau & Rigau, P.A. Count I sought to quiet title to the real property on grounds that the deed to Ms. Nickless was defective and void. Count II sought rescission and cancellation of the deed. Counts I and II named only Ms. Nickless as a defendant. Count III sued only Mr. Rigau and alleged negligence in his capacity as the plaintiff's former agent and attorney. This count requested compensatory damages and demanded trial by jury. Count IV alleged fraud against both Mr. Rigau and Ms. Nickless. In addition to compensatory damages, this count requested punitive damages and a trial by jury. Finally, count V of the complaint alleged that Mr. Rigau was an employee of his professional association and that the damages requested in counts III and IV should also be awarded against the professional association.
Several months before trial, the trial court entered an order requiring a separate nonjury trial on the equity theories in counts I and II before any jury trial on counts III through V.[1] Although Mr. Rigau and his professional association had effectively been severed from the first trial by this order, shortly before the trial they filed a motion requesting the trial court to "require that the plaintiff elect whether she wants to set aside the deed for fraud or whether she wants to ratify the deed and sue for damages."
At the beginning of the nonjury trial, Mr. Rigau's attorney argued that the plaintiff could either elect the remedy of rescission against Ms. Nickless or proceed against Mr. Rigau for damages, but that the plaintiff was not entitled to seek rescission from Ms. Nickless as well as damages for negligence or fraud against Mr. Rigau. Over the vigorous protests of the plaintiff, the trial court required the plaintiff to elect between the "remedies" of rescission against Ms. Nickless and legal damages, including punitive damages, against all three defendants. The plaintiff "elected" rescission. Ms. Nickless stipulated to the rescission so long as certain funds she had invested in the property were returned. The plaintiff and Ms. Nickless negotiated the terms of this exchange. The trial court then entered the final judgment dismissing the legal claims against Ms. Nickless, Mr. Rigau, and his professional association, and cancelling Ms. Nickless's deed of record in exchange for a payment of $15,704 by the plaintiff.
Concerning Mr. Rigau and his professional association, the issue necessary for review is whether the plaintiff's remedy of rescission is a bar to her claims for negligence and fraud against her former attorney.[2] For several reasons, the rescission *685 of the deed does not bar the action against her former attorney.
First, the doctrine of election of remedies is not truly applicable in this case. This issue concerns alternative substantive rights rather than inconsistent remedies.
The election between inconsistent remedies has no reference to transactions giving rise to distinct and independent grounds of action which may be concurrently or consecutively pursued, such as an action for the hire of personal property and one for damages to the property while held by the bailee....
Williams v. Robineau, 124 Fla. 422, 168 So. 644, 646 (1936). See generally 25 Am.Jur.2d Election of Remedies § 24, p. 666 (1966). In this case, the plaintiff could sue Ms. Nickless as purchaser of the land. Additionally, she had a separate substantive right to sue Mr. Rigau, as her attorney, for negligence and fraud. The action against Mr. Rigau could have been brought separately from, and subsequently to, the action against Ms. Nickless. A favorable result against Ms. Nickless would merely reduce the compensatory damages against Mr. Rigau.
Second, even if one analyzes this issue as an election of remedies, that doctrine does not bar a claim for damages against Mr. Rigau and his professional association. The election of remedies doctrine applies only where the remedies in question are coexistent and inconsistent. Barbe v. Villeneuve, 505 So.2d 1331 (Fla. 1987). In this case, the remedies of rescission on the real estate contract and damages for negligence or fraud may be coexistent, but they are not inconsistent.
[I]f the remedies are concurrent or cumulative, and logically can coexist on the same facts, the doctrine of election does not apply until the injured party has received full satisfaction for his injuries.
Security & Inv. Corp. of the Palm Beaches v. Droege, 529 So.2d 799 (Fla. 4th DCA 1988). Especially when the plaintiff has been deprived of the use of the land for a significant time period, rescission and recovery of damages are not necessarily inconsistent remedies. Armbruster v. Alvin, 437 So.2d 725 (Fla.3d DCA 1983), review denied, 450 So.2d 485 (Fla. 1984).
Third, the purpose of the election of remedies doctrine is to prevent a double recovery for the same wrong. Villeneuve. The defendants certainly did not establish in the trial court that the legal remedies requested by the plaintiff in this case would result in a double recovery. Because the legal claims had been severed prior to the trial on the equitable claims, the legal damages were not even set for trial at the time of the forced election. It appears possible that the plaintiff may be able to prove damages for loss of use or other compensatory damages which are available under the theories of negligence and fraud.
Typically, a plaintiff has the right to recover attorneys' fees incurred in litigation with a third party, as an element of compensatory damages, if that litigation was caused by the defendant's breach of contract or wrongful act. State Farm Fire & Casualty Co. v. Pritcher, 546 So.2d 1060 (Fla.3d DCA 1989); Martha A. Gottfried, Inc. v. Amster, 511 So.2d 595 (Fla. 4th DCA 1987); 22 Am.Jur.2d Damages § 618, p. 679 (1988). Thus, the plaintiff's request for attorneys' fees concerning the litigation against Ms. Nickless may be an appropriate claim against Mr. Rigau for compensatory damages which she has not previously recovered.
Moreover, the plaintiff seeks punitive damages against Mr. Rigau. Assuming the plaintiff can establish facts warranting punitive damages, the previously received remedy of rescission would not bar an additional award of punitive damages. Ault v. Lohr, 538 So.2d 454 (Fla. 1989).[3]
*686 Concerning the plaintiff's claims against Ms. Nickless, a different analysis and outcome are required. The record indicates that the plaintiff voluntarily negotiated the final terms of the rescission agreement with Ms. Nickless. Thereafter, the plaintiff voluntarily paid Ms. Nickless and accepted the benefits of title to the land. By knowingly and voluntarily accepting the benefits of the judgment vis-a-vis Ms. Nickless, the plaintiff is estopped to seek reversal of that judgment. Erwin v. Brooks, 297 So.2d 314 (Fla.2d DCA 1974); Schuppener v. Bruno, 395 So.2d 1234 (Fla. 4th DCA 1981).
Reversed in part, affirmed in part, and remanded for further proceedings consistent herewith.
CAMPBELL, C.J., and PARKER, J., concur.
NOTES
[1] In light of the resolution of this appeal, it is unnecessary for us to determine whether the trial court appropriately scheduled a nonjury trial in equity prior to a jury trial of the legal issues. See Cerrito v. Kovitch, 457 So.2d 1021 (Fla. 1984).
[2] It may be questioned whether the trial court correctly compelled the plaintiff to elect remedies prior to the trial rather than prior to the judgment. See Monco of Orlando, Inc. v. ITT Indus. Credit Corp., 458 So.2d 332 (Fla. 5th DCA 1984); Parsons v. Motor Homes of America, Inc., 465 So.2d 1285 (Fla. 1st DCA 1985) (election of remedies required only before judgment); but see Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (Fla. 3d DCA), cert. denied, 298 So.2d 416 (Fla. 1974); Rolf's Marina, Inc. v. Rescue Serv. & Repair, Inc., 398 So.2d 842 (Fla. 3d DCA 1981) (election of remedies may be required prior to trial). This issue, however, is not presented by this appeal because the plaintiff does not wish her forced election to be vacated.
[3] Mr. Rigau relies extensively upon Hauser v. Van Zile, 269 So.2d 396 (Fla. 4th DCA 1972). That case is distinguishable because it involves remedies available to a frustrated purchaser against a seller and a seller's agent. This case involves the remedies available to a seller against her own disobedient agent. Moreover, aspects of the Hauser decision appeared to conflict with Ault.