550 So.2d 54 (1989)
Donald DIAMOND, As Personal Representative of the Estate of Kay D. Diamond, Deceased, Petitioner,
v.
WHALEY, CHAPMAN & HANNAH, M.D.'s, P.A., and Samuel C. Hannah, Respondents.
No. 89-01365.
District Court of Appeal of Florida, Second District.
August 30, 1989.
Rehearing Denied September 27, 1989.
John A. Lloyd, Jr., St. Petersburg, for petitioner.
*55 Lawrence J. Robinson and Linda Brooks Robinson of Robinson, Robinson & Fogleman, P.A., Sarasota, for respondents.
ALTENBERND, Judge.
Mr. Diamond, the plaintiff below, seeks relief by common law certiorari from a pretrial order which requires him to try one of his legal theories prior to and separate from his other legal theory. We deny the writ because the plaintiff has an adequate post-judgment appellate remedy if the pretrial order ultimately results in any harmful error.
Initially, Mrs. Diamond and her husband filed a medical malpractice claim against the defendant physicians alleging that the physicians had treated Mrs. Diamond and had misdiagnosed a cancerous growth. After the lawsuit was filed, Mrs. Diamond died. Her husband was appointed personal representative of her estate. He pursued the survival action under section 46.021, Florida Statutes (1987). He also filed an amended complaint which added a claim, in the alternative, for wrongful death. Thus, the plaintiff is alleging that Mrs. Diamond either sustained personal injuries due to the misdiagnosis and that her death was unrelated to the misdiagnosis, or that the alleged misdiagnosis proximately caused her death.
At the pretrial, the trial court entered an order requiring the plaintiff to elect an initial trial on either the survival action or the wrongful death action. The trial court's order does not require the plaintiff to choose one theory to the exclusion of the other theory. The plaintiff is merely required to try one theory before the other.
The plaintiff argues that the trial court's order forces a premature election of remedies. A close analysis of the issue, however, establishes that the trial court's order does not involve an election of remedies. The trial court's order does not prevent the plaintiff from pursuing both remedies. See Barbe v. Villeneuve, 505 So.2d 1331 (Fla. 1987). The plaintiff's theories are factually inconsistent and ultimately he can recover, at most, upon one factual scenario. The trial court has merely exercised its discretion pursuant to Florida Rule of Civil Procedure 1.270(b) to require the plaintiff to try the inconsistent theories of damage separately.
The plaintiff also argues that the pretrial order may result in inconsistent verdicts by two separate juries. From the record presented to us, the risk of inconsistent verdicts is a legitimate concern. Nevertheless, defective verdicts do not appear inevitable under the trial court's procedure. If a verdict form in the first trial presented special interrogatories which separated the liability issues from the issues of causation and damages, specific issues would be established as the law of the case in the first trial. Thus, it appears possible that all issues could be successfully tried in the bifurcated proceedings without inconsistency.
Even if the plaintiff's arguments prove to be correct, they do not establish an error which is irremediable by post-judgment appeal. Thus, the plaintiff has not established a sufficient basis to invoke the extraordinary remedy of common law certiorari. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
Petition for writ of certiorari denied.
DANAHY, A.C.J., and PATTERSON, J., concur.