RYDER, Acting Chief Judge.
Julio and Barbara Alvarez and James and Rose Alvarez, the plaintiffs below, contest a final judgment in which the trial court granted Phillip Puleo and Samuel Bis-sett’s motion for involuntary dismissal of the Alvarezes’ complaint. We reverse and remand for a new trial on the ground that the trial court erroneously required appellants to elect their remedy prior to the beginning of trial.
On the day trial was to begin, upon appellees’ motion the court informed appellants that they had to choose going forward on Count I of their complaint, a request that the court construe a lease as a mortgage, or Count II, a request for specific performance which included allowing appellants to exercise an option to purchase the property. It was error for the court to require that appellants choose which theory to take to trial. A party may plead and litigate inconsistent remedies. Cordell v. World Insurance Co., 358 So.2d 223, 224 (Fla. 1st DCA 1978) (trial court erroneously required plaintiff to elect remedy prior to filing of defendant’s answer).
The doctrine of election of remedies is a technical rule of procedure or judicial administration. Security & Investment Corporation of the Palm Beaches v. Droege, 529 So.2d 799, 802 (Fla. 4th DCA 1988). The main purpose of the doctrine is to prevent a double recovery for the same wrong. Barbe v. Villeneuve, 505 So.2d 1331, 1332-33 (Fla.1987); De Pantosa Saenz v. Rigau & Rigau, P.A., 549 So.2d 682, 684-85 (Fla.2d DCA 1989); Security, 529 So.2d at 802. Accordingly, this court has previously questioned the propriety of a trial court compelling a plaintiff to elect remedies prior to trial rather than prior to entry of the judgment. De Pantosa Saenz, 549 So.2d at 684, n. 2. We recognize that the third district has ruled that an election of remedies may be required before trial. Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (Fla.3d DCA), cert. denied, 298 So.2d 416 (Fla.1974). Nevertheless, in keeping with the intent of the doctrine, we are persuaded by those rulings from other districts which have held that *438 election of remedies need only be made before judgment is entered. Moneo of Orlando, Inc. v. ITT Industrial Credit Corp., 458 So.2d 332 (Fla. 5th DCA 1984) (acknowledging conflict with Deemer, 288 So.2d at 526). See also Parsons v. Motor Homes of America, 465 So.2d 1285, 1289 (Fla. 1st DCA 1985) (relied upon Moneo, 458 So.2d at 332; election between inconsistent remedies need only occur before judgment is entered). Accordingly, we reverse and remand for a new trial.
Reversed and remanded for a new trial.
THREADGILL and PATTERSON, JJ., concur.