PER CURIAM.
An insurance company intermediary agent seeks reversal of final judgment and new trial of both liability and damages awarded against him for civil theft. Also, the agent seeks reversal and remand on the issue of damages awarded against him on counts for fraud and conversion.
We find that the trial court correctly determined that appellee had a private right of action against appellant for the violation of section 626.561(1), Florida Statutes (1989). That right arose upon the showing that the agent had direct supervision and control over an agency and its employees, and that insurance premiums had been collected by the agency, but not accounted for or turned over to the insurance company for whom the agency was acting. Copeland Ins. Agency v. Home Ins. Co., 502 So.2d 98 (Fla. 5th DCA 1987).
We do, however, agree with appellant that a $10,000 error in the calculation of punitive damages requires correction. In the final judgment, the trial judge stated that awarding both punitive damages for conversion and treble damages for civil theft would allow double damages of a punitive nature and that appellee had elected the trebling of damages attributable to civil theft, and accordingly, waived punitive damages for conversion. The jury assessed punitive damages of $50,000 under the fraud count and $10,000 under the conversion count. The final judgment reflected the $60,000 total. That judgment for punitive damages must be reduced by $10,000 based upon appellee’s waiver of the punitives for conversion.
All remaining points challenged were not properly preserved for appellate review, and clearly none constitute fundamental error under the circumstances of the instant case.
Accordingly, we order the final judgment corrected as to the $10,000 sum improperly awarded appellee, and we affirm the trial court’s order in all other respects.