667 So.2d 424 (1996)
Johnny BURR, Appellant,
v.
Lawrence S. NORRIS, Appellee.
No. 94-01648.
District Court of Appeal of Florida, Second District.
January 24, 1996.
Peter J. Winders and Stephanie J. Young of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for Appellant.
Lawrence S. Norris, pro se.
DANAHY, Acting Chief Judge.
The appellant, Johnny Burr, plaintiff in the trial court, challenges various pretrial and trial errors in his partially successful lawsuit filed against the appellee, Lawrence S. Norris, based on Norris forcing Burr out of his home. Because we agree with Burr on several issues he raises, we reverse and remand for a new trial.
*425 In July 1991 Burr, a self-employed plumber, lawn caretaker, and repairman, found a run-down vacant house for sale in Tampa which he wanted to repair so that he, his wife, and four children could live there. He contacted the number on the "For Sale" sign and met with the owner, Peter Abraham. They agreed on the terms of the sale "as is" with Abraham to provide the financing. The sale and financing terms were evidenced by a receipt for the $200 partial down payment with a notation that closing would be on September 2, 1991.
Abraham turned the keys over saying the house was Burr's. Burr immediately took possession and, along with his son and a helper, began to make major repairs to the house which included installing bathroom and kitchen fixtures, installing a water heater and windows, removing trees and weeds from the yard, planting trees, preparing the ground for sod, and installing a chain link fence. By mid-August, after Burr had made the house habitable, he moved his family in while continuing the work on it.
Unbeknownst to Burr, Abraham had borrowed approximately $20,000 from Norris to buy the house and could not make the balloon payment when it fell due. Abraham defaulted on his loan to Norris, filed for bankruptcy in August 1991, and did not appear in September to finalize his deal with Burr. Abraham executed a deed to Norris in lieu of foreclosure.
In mid-September Norris approached Burr at the house and told him that he, Norris, owned the house and not Abraham. Norris told Burr the house was not for sale, demanded rent from Burr, and threatened police action to evict Burr if the rent was not paid. Burr refused to pay rent because of his arrangements with Abraham and because of the amount of money and effort he had already put into the house. He secured the services of an attorney to defend his right to possess the home on the basis of his contract with Abraham. Informal efforts to end the dispute were fruitless. When Burr and his family had not moved out by early October, Norris sought police help to evict them but the police did not take any action recognizing that this was a civil dispute once Burr produced his receipts from Abraham. Burr soon thereafter moved his family out after which Norris came in and boarded up the house. Norris eventually sold the house to someone else.
In February 1992 Burr filed suit against Norris. Count I alleged fraud. Count II alleged unjust enrichment by reason of the improvements made to the house by Burr. Count III alleged defamation based on a letter Norris wrote to Burr's attorney accusing Burr of burglarizing the home after Norris had boarded it up. Count IV alleged civil theft under section 772.11, Florida Statutes (1991), and sought treble damages for the value of the labor and material expended by Burr in making the improvements he was forced to leave behind when he moved out of the house. Norris successfully moved for summary judgment on the civil theft and defamation claims. Because Burr was thus denied an opportunity for treble damages under the civil theft count, he moved to amend his complaint to add a claim for punitive damages under the fraud count. His motion was denied. The jury rendered a verdict in Burr's favor on the remaining counts for fraud and unjust enrichment. The jury awarded $2,750 for unjust enrichment but zero damages on the fraud finding. Postverdict the trial court denied Burr's claim for prejudgment interest on the unjust enrichment award. Pursuant to section 772.11, Norris successfully sought an attorney's fees reimbursement on his motion for summary judgment on the civil theft claim.
Burr contends that the summary judgment on his civil theft claim was error. We agree. The trial court concluded that Burr's allegations could not constitute civil theft as a matter of law. Beyond the fact that there were material factual issues in dispute, Burr's claims met the statutory definition of civil theft. Section 772.11 incorporates section 812.012 for the definition of "property" which the statute defines as real property, including things growing on, affixed to and found in the land (§ 812.012(3)(a)); intangible personal property, including rights, privileges, interests and claims (§ 812.012(3)(b)); and services, meaning anything of value resulting from a person's physical or mental labor, including repairs *426 or improvements to property (§ 812.012(5)(a)). Cf. Seymour v. Adams, 638 So.2d 1044 (Fla. 5th DCA 1994) (the evicting landlord wrongly kept personal property of tenant as security for rent due). The transcript of the summary judgment hearing shows that the trial court was concerned about the items at issue in the civil theft claim, considering them to be "fixtures" as that term is commonly understood in real estate transactions. We see nothing in the plain language of the statute excepting real property fixtures from the reach of the civil theft statutory remedy. Cf. Russo v. Heil Construction, Inc., 549 So.2d 676 (Fla. 5th DCA 1989) (in dispute over failure to complete construction, contractor removed doors he had installed in home; error to dismiss homeowners' civil theft claim). At least Burr should have been allowed to argue to the jury that such common fixtures as he installed in the house were intended to increase the value of the house for his benefit at a later sale date and that he was forced to give up the value of those improvements by Norris's actions. The trial court improvidently ordered summary judgment on the civil theft count.
Based on the fact that Norris prevailed on the civil theft claim under the summary judgment, he was awarded attorney's fees based on section 772.11. Inasmuch as we reverse the summary judgment on the civil theft issue, we reverse this award also.
The trial court in instructing the jury limited its consideration of damages for fraud to the amount of Burr's moving expenses only. This was error because determining damages is a matter solely within the jury's province. See Owca v. Zemzicki, 137 So.2d 876 (Fla. 2d DCA 1962); Phillips v. Ostrer, 481 So.2d 1241 (Fla. 3d DCA 1985), review denied, 492 So.2d 1334 (Fla. 1986); see also Miller v. James, 187 So.2d 901 (Fla. 2d DCA 1966). We reverse and remand for a new trial on damages resulting from the jury finding of fraud.
When the trial court erroneously ordered summary judgment on the civil theft count, it precluded Burr from possibly receiving treble damages had the jury found in his favor. Therefore, he moved to amend his fraud count to add a claim for punitive damages but the trial court denied the amendment. We find this was an abuse of discretion in light of Florida's liberal policy of allowing amendments to pleadings. Burr moved to amend his fraud count fully a month before the scheduled trial. Allowing him to plead punitive damages would not have entailed additional discovery or other delay in getting the case to trial. Plaintiffs are also allowed to plead inconsistent or alternative actions and need only elect remedies before final judgment. Alvarez v. Puleo, 561 So.2d 437 (Fla. 2d DCA 1990); De Pantosa Saenz v. Rigau & Rigau, P.A., 549 So.2d 682 (Fla. 2d DCA 1989), review denied, 560 So.2d 234 (Fla. 1990); see also Keegan v. Ennia General Ins. Co., 591 So.2d 300 (Fla. 3d DCA 1991) (awarding treble damages for civil theft and punitive damages for conversion on same facts would allow double damages of a punitive nature so plaintiff had to elect remedy; cumulative judgment reduced by amount jury found for punitive damages for conversion since plaintiff had waived those), and Bill Terry's, Inc. v. Atlantic Motor Sales, Inc., 409 So.2d 507 (Fla. 1st DCA 1982) (punitive damages and treble damages based upon same conduct results in excessive penalty); cf. Sikora v. Pinebrook Builders, Inc., 507 So.2d 1167 (Fla. 2d DCA 1987) (award of punitive damages against appellant for breach of fiduciary duty to corporate appellee and treble damages for civil theft against same appellant and another of his related corporations allowed to stand (dictum)).
Finally, we note that when the jury found for Burr on his unjust enrichment count it awarded him $2,750. Under the circumstances of this case, the trial court must order prejudgment interest on the damages for unjust enrichment. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985); Thomas v. Toth, 539 So.2d 8 (Fla. 2d DCA 1989).
Reversed and remanded for further proceedings in accord with this opinion.
FRANK and FULMER, JJ., concur.