9 So.3d 667 (2009)
In re ESTATE OF Beulah K. TROLLINGER.
Betty J. Savoretti, Personal Representative, Petitioner,
v.
MHC/CSI Florida, Inc.; MHC Florida Holding Company; MHC Holding Company; Mariner Health Care Management Company; Mariner Health Care, Inc. f/k/a Mariner Post-Acute Network, Inc.; East Bay NC, LLC; SBK Capital, LLC; Southern Healthcare Management, LLC; Sovereign Healthcare Holdings, LLC; Sovereign Healthcare, Inc.; Samuel B. Kellett; Darrel L. Hager; Lynda K. Lovell; and Steve Batten a/k/a Stephen Batten a/k/a Stephen Craig Batten; (as to East Bay Nursing Center f/k/a Mariner Health of Clearwater), Pinellas III Healthcare, Ltd. (L.P.) f/k/a Pinellas III Healthcare, Ltd.; SBK of Georgia, LLC; Sak, Jr. LLC; Southern Healthcare Management II, LLC; William J. Krystopowicz; and John Noterman; (as to East Bay Nursing Center f/k/a Mariner Health of Clearwater), Respondents.
No. 2D08-2275.
District Court of Appeal of Florida, Second District.
April 8, 2009.
*668 Isaac R. Ruiz-Carus and Blair N. Mendes of Wilkes & McHugh, P.A., Tampa, and Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa, for Petitioner.
Michael R. D'Lugo of Wicker, Smith, O'Hara, McCoy & Ford, P.A., Orlando, for Respondents, East Bay NC, LLC; SBK Capital, LLC; Southern Healthcare Management, LLC; Sovereign Healthcare Holdings, LLC; Sovereign Healthcare, Inc.; Samuel B. Kellett; Darrel L. Hager; Lynda K. Lovell; and Steve Batten a/k/a Stephen Batten a/k/a Stephen Craig Batten; (as to East Bay Nursing Center f/k/a Mariner Health of Clearwater).
FULMER, Judge.
Betty J. Savoretti, personal representative of the Estate of Beulah K. Trollinger, sued the owners and operators of East Bay Nursing Center, where Ms. Trollinger resided prior to her death. The complaint sought both survival and wrongful death damages. The trial court granted the Defendants' Motions to Dismiss on the basis of section 400.023(1), Florida Statutes (2005), which provides: "If the action alleges a claim for the resident's rights or for negligence that caused the death of the resident, the claimant shall be required to elect either survival damages pursuant to s. 46.021 or wrongful death damages pursuant to s. 768.21." In dismissing her complaint, the trial court granted Savoretti twenty days to file an amended complaint in which she elects her remedy of either survival damages or wrongful death damages. Savoretti now petitions for a writ of certiorari to challenge the trial court's order.
Savoretti argues that forcing the election at the pleading stage departs from the essential requirements of law. The cases she relies on are not persuasive because they do not involve actions governed by the statutory requirement in section 400.023(1). In her reply, she concedes that she raises an issue of first impression. She also asserts that she will not have an adequate remedy on plenary appeal because she will be forced to show her hand in an initial trial.
Section 400.023(1) is silent as to whether the election of remedies must be made at the pleading stage or at the end of trial, and this appears to be an issue of first impression. We conclude that certiorari relief is not available because Savoretti cannot demonstrate that she will be irreparably harmed by electing her remedy at the pleading stage. Because any error in the trial court's ruling can be corrected in a postjudgment appeal, we dismiss the petition for writ of certiorari.
Dismissed.
KELLY, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I reluctantly agree that the trial court's order, which I regard as erroneous, cannot be quashed at this time. If the trial court's order results in prejudice to the plaintiff prior to the entry of an adverse final order, then that error can be corrected on direct appeal. See Diamond v. Whaley, Chapman & Hannah, M.D.'s, P.A., 550 So.2d 54 (Fla. 2d DCA 1989).
Beulah K. Trollinger was a resident of a nursing home with which the various defendants had some connection. She resided at the home between January 2003 and May 2005. She died in July 2005. Her personal representative has filed an action alleging that the nursing home's treatment of Ms. Trollinger was negligent in certain *669 respects and that this negligence either caused her injuries prior to her death or caused her death. The trial court has entered an order dismissing the multi-count complaint and requiring the personal representative to file an amended complaint that omits one cause of action or the other.
As I read section 400.023(1), it requires the personal representative to elect to receive only one of the two different measures of damages that are available in such a case. The statute does not require the personal representative to choose to pursue only one of the two different causes of action available to the personal representative. It certainly does not state that the election must be made in the complaint. As a general rule, a plaintiff is allowed to plead alternative causes of action in a single complaint even if the claims require proof of distinctly different facts. See Fla. R. Civ. P. 1.110(g) (stating that "[a] pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has, and claims for relief may be stated in the alternative"); DiChristopher v. Bd. of County Comm'rs, 908 So.2d 492, 495 (Fla. 5th DCA 2005) (allowing plaintiff to plead alternative bases for relief); Hines v. Trager Constr. Co., Inc., 188 So.2d 826, 830-31 (Fla. 1st DCA 1966) (noting that a pleader may seek relief under different theories of law even if relief depends upon materially different or inconsistent facts).
Even if one assumes that section 400.023(1) requires a plaintiff to elect one cause of action, this election of a claim would not logically occur at the pleading stage. See Diamond, 550 So.2d at 55. If the plaintiff is required to elect one measure of damages, there is little reason why this election cannot take place after the jury returns its verdict. See Monco of Orlando, Inc. v. ITT Indus. Credit Corp., 458 So.2d 332, 334-35 (Fla. 5th DCA 1984) (finding that the trial court erred in requiring election of remedies prior to trial); cf. Rolf's Marina, Inc. v. Rescue Serv. & Repair, Inc., 398 So.2d 842, 843 (Fla. 3d DCA 1981) (concluding that the trial court properly required plaintiff to elect either rescission or damages prior to trial on a breach of contract claim, but the first trial for rescission does not bar a second trial for damages). Election of remedies is a somewhat complex theory, but it is generally designed to prevent a double recovery, which can be avoided in this case even if the jury is presented with a verdict form containing both theories. See Barbe v. Villeneuve, 505 So.2d 1331 (Fla.1987); Am. Process Co. v. Fla. White Pressed Brick Co., 56 Fla. 116, 47 So. 942 (1908).
The personal representative's two theories are factually and legally distinct. One theory requires proof that negligence caused only injury and the other theory requires proof that negligence caused death. In Florida, a standard verdict form asks the jury to decide "whether there was negligence on the part of the defendant which was a legal cause of damage to the plaintiff." Fla. Std. Jury Instr. (Civ.) MI 1. If the jury is instructed on only one of the causes of action and the damages appropriate under that theory, there is nothing in the verdict form to demonstrate that the verdict forecloses an action on the other theory for the damages available under the other theory. In other words, if a jury were to find that an act of negligence did not cause wrongful death damages, that verdict would not prevent another jury from finding that an act of negligence caused survivorship damages. Thus, whichever theory is tried first, the trial court is likely to be called upon to try the second theory later.