FULMER, Judge.
Betty J. Savoretti, personal representative of the Estate of Beulah K. Trollinger, sued the owners and operators of East Bay Nursing Center, where Ms. Trollinger resided prior to her death. The complaint sought both survival and wrongful death damages. The trial court granted the Defendants’ Motions to Dismiss on the basis of section 400.023(1), Florida Statutes (2005), which provides: “If the action alleges a claim for the resident’s rights or for negligence that caused the death of the resident, the claimant shall be required to elect either survival damages pursuant to s. 46.021 or wrongful death damages pursuant to s. 768.21.” In dismissing her complaint, the trial court granted Savoretti twenty days to file an amended complaint in which she elects her remedy of either survival damages or wrongful death damages. Savoretti now petitions for a writ of certiorari to challenge the trial court’s order.
Savoretti argues that forcing the election at the pleading stage departs from the essential requirements of law. The cases she relies on are not persuasive because they do not involve actions governed by the statutory requirement in section 400.023(1). In her reply, she concedes that she raises an issue of first impression. She also asserts that she will not have an adequate remedy on plenary appeal because she will be forced to show her hand in an initial trial.
Section 400.023(1) is silent as to whether the election of remedies must be made at the pleading stage or at the end of trial, and this appears to be an issue of first impression. We conclude that certiorari relief is not available because Savoretti cannot demonstrate that she will be irreparably harmed by electing her remedy at the pleading stage. Because any error in the trial court’s ruling can be corrected in a postjudgment appeal, we dismiss the petition for writ of certiorari.
Dismissed.
KELLY, J., Concurs.
ALTENBERND, J., Concurs with opinion.